CHARLES HARVEY AND WIFE, SUSAN HARVEY, v. C. W. BROWN AND WIFE ET ALS.

(Filed 5 March, 1924.)

**1. Evidence—Nonsuit—Motions.**

Upon defendant's motion to nonsuit, the evidence will be construed in the light most favorable to the plaintiff.

**2. Same—Deeds and Conveyances—Mortgages—Fraud.**

Where the mortgagee takes a mortgage in good faith, without notice of fraud alleged in prior negotiations respecting the lands conveyed by him under foreclosure sale to an innocent purchaser without notice, the mortgagee's deed will convey a good title.

**3. Fraud—Evidence—Deeds and Conveyances—Mortgages—Sales.**

Where a deed to a purchaser at a foreclosure sale under a mortgage and preceding conveyances in relation thereto are sought to be set aside for fraud, testimony of a witness of his opinion as to the facts constituting the alleged fraud of the mortgagee or otherwise than by his admission, is incompetent.

APPEAL by Susan Harvey from *Bond, J.,* at November Term, 1923, of PASQUOTANK.

This is a civil action brought by Chas. Harvey and wife, Susan Harvey, against C. W. Brown and wife, Catherine W. Brown, C. E. Thompson, D. H. Tillett and J. C. Brooks. The plaintiffs allege that Chas. Harvey owned a house and lot in Elizabeth City, on Culpepper Street. He and his wife, Susan Harvey, on 8 December, 1914, executed to the defendant J. C. Brooks a mortgage to secure the sum of $325, with power of sale in default of payment. That prior to 18 March, 1916, the defendant C. W. Brown approached the plaintiffs to purchase the house and lot, and thereafter, on said date, they sold the house and lot to C. W. Brown for $50 and made a deed for same, with the understanding and agreement that C. W. Brown would pay off the mortgage indebtedness held by defendant J. C. Brooks, consisting of three mortgages and the further agreement that the plaintiffs should have a life estate in the house and lot. A deed was made in June, 1918, to plaintiffs by C. W. Brown for a life estate in the property. It is alleged that C. W. Brown not only wrongfully and fraudulently failed and refused to pay off the J. C. Brooks mortgages, but had Brooks, secretly and without notice to plaintiffs, to advertise and sell the house and lot and employed C. E. Thompson, an attorney, to bid in the property for him at the sale. The sale was made on 1 February, 1919, and the property brought $500. In pursuance to an arrangement with C. W. Brown, the property was deeded by Thompson on

6 February, 1919, for consideration of $10 to the defendant Catherine W. Brown, wife of C. W. Brown.

It is further alleged that Brown wrongfully and fraudulently suffered and procured the sale and failed to comply with his agreement. That Catherine W. Brown knew the facts regarding the sale and the agreement between the plaintiffs and C. W. Brown. That Thompson paid nothing for the land, but bought it as attorney for C. W. Brown. That Catherine W. Brown held the title to the land for the defendant C. W. Brown, never having paid the purchase-money. That Brown caused the sale to defeat plaintiffs' life estate. That on 7 February, 1919, Catherine W. Brown and C. W. Brown, to secure a loan of $500, made a mortgage to D. H. Tillett on the house and lot. That the said Tillett had notice and knowledge of the rights of plaintiffs. That the said Tillett advertised and sold the property, according to the terms of his mortgage, on 27 March, 1920, and at the sale W. L. Cahoon became the last and highest bidder in the sum of $1,255. That the said Tillett had no right to make the sale and convey title.

The plaintiffs pray and demand that the sale be not confirmed and that no title be passed; that the deed made by J. C. Brooks to C. E. Thompson, and by C. E. Thompson and wife to Catherine W. Brown, and by C. W. Brown and Catherine W. Brown to D. H. Tillett be canceled and set aside, and that the defendant Tillett be enjoined from selling the life estate of plaintiffs in the property. That the defendants C. W. and Catherine W. Brown be declared to own no interest in the property except a remainder after the death of plaintiffs. That no title be conveyed that will affect the life estate of plaintiffs, and such other and further relief, etc.

Defendant J. C. Brooks denies all knowledge of any agreement between C. W. Brown and plaintiffs. He says that Brown paid him a portion of the indebtedness due him by the plaintiffs, and he assigned the notes without recourse to Brown; that the sale was made under his mortgage and at the request of the defendant C. W. Brown, and the property was purchased at public sale by C. E. Thompson for $500, who was the last and highest bidder. That Thompson paid the purchase price and he made him a deed. All other allegations are denied.

Defendant C. E. Thompson denies all knowledge of any agreement between C. W. Brown and plaintiffs. He says that prior to 1 February, 1919, he was employed by C. W. Brown to appear at the sale made by Brooks and bid in the house and lot for the defendant Catherine W. Brown, and that he did this. Brooks made a deed to him and, pursuant to the terms of his employment, he made a deed to defendant Catherine W. Brown. All other allegations are denied except that he has been advised of the mortgage made by C. W. Brown and wife, Catherine W.

Brown, to D. H. Tillett, and advised of the purchase of the property by W. L. Cahoon at the Tillett sale.

Defendant D. H. Tillett denies all knowledge of any agreement between C. W. Brown and plaintiffs. He says that C. W. Brown and wife, Catherine W. Brown, on 7 February, 1919, executed a mortgage to him to secure a loan of $500. That the loan was not paid and he sold the property at public sale on 27 March, 1920, at which sale W. L. Cahoon was the last and highest bidder in the sum of $1,255. That Cahoon has declined to take the property on account of this suit. That he had the right and authority to sell the property, and the sale made by him was good and valid to pass the title in fee to the property.

Since the suit C. W. Brown has died and his widow, Catherine W. Brown, for herself and as administratrix of C. W. Brown, answers the complaint. She denies all knowledge of an agreement between C. W. Brown and plaintiffs, especially and particularly denies any and all participation in any fraud on her part individually and in behalf of herself as administratrix or understanding as alleged by plaintiffs. Denies any knowledge or understanding or agreement on the part of C. W. Brown or herself to convey said property to the plaintiffs by another deed or a life estate therein, or to pay off and discharge the mortgages. That C. W. Brown had money of hers which he, from time to time, invested, and she denies that she never paid any part of the purchase-money. That the mortgage made to D. H. Tillett was in good faith, and the sale made by Tillett was *bona fide* in all respects. That the plaintiffs are in the wrongful possession of the property, etc. This was denied by plaintiffs.

Chas. Harvey has died since this suit was instituted.

The case came on for trial in the court below, and during the trial the plaintiff took a voluntary nonsuit as to the defendants J. C. Brooks and C. E. Thompson. The other defendants moved for nonsuit as to them at the close of the evidence, which was granted. The plaintiff excepted and assigned this as error and appealed to this Court.

*Aydlett & Simpson for plaintiff.*

*W. L. Small and Ehringhaus & Hall for Catherine W. Brown, individually and as administratrix.*

*Thompson & Wilson for D. H. Tillett.*

CLARKSON, J. Upon a motion to nonsuit, the evidence is to be taken in a light most favorable to plaintiff. From a careful examination of the record we think that D. H. Tillett took the mortgage made to him in good faith and without notice, and the sale made by him under its terms was good and valid to pass the title in fee simple to the house

and lot. We think the court below made no error in granting the non-suit. *Hinton v. Hall,* 166 N. C., 477; *Brewington v. Hargrove,* 178 N. C., 146; 27 Cyc., 1494.

The other assignments of error were exceptions to the testimony of C. E. Thompson. He had purchased the land under the mortgage sale of J. C. Brooks and was sued by plaintiffs. A nonsuit was taken as to him and he was made a witness by plaintiff. He testified that he bid the property in for Catherine W. Brown at the request of C. W. Brown. He made the deed to her and got the money from her to pay for the house and lot. In the direct examination he said: "I do not know that the money gotten from Mr. Tillett was paid over to me as the purchase-money. I know nothing of the Tillett loan of my own knowledge. The only information that I have as to that I got from C. W. Brown and afterwards from Mr. Tillett himself. Some time afterwards Mr. Tillett told me that he had loaned C. W. and Catherine W. Brown $500 on the Harvey property." On cross-examination he said: "I was present at the sale by Mr. Brooks. It was absolutely fair and open; several were bidding on the property. . . . I knew nothing of any agreement or arrangement between C. W. Brown and Chas. Harvey and his wife. I did not know of any agreement that he should pay off the Brooks mortgage. There was nothing on record to call the matter to my attention, and I had no information from any one concerning it that there was any such agreement."

On recross-examination Thompson testified:

"I did not tell Mr. Tillett about any agreement between Brown and Harvey, and no one else informed him in my presence. I did not tell Mr. Tillett nor did any one in my presence about any agreement between Brown and the Harveys, if there ever was any such agreement, whereby Brown was to pay off the Brooks mortgage. I did not know of the agreement myself until long after Mr. Tillett became interested in the property, nor did I know of the conveyance from Harvey to Brown until long after Mr. Tillett became interested. At the time of making the loan to Catherine W. Brown, Mr. Tillett told me about having made the loan at some time subsequent to that; he told me his first knowledge of the agreement which is on record was after the institution of this suit. It was evidently after the institution of the suit that he told me of the agreement on record, and he had told me of the loan to Catherine W. Brown at the time it was made or soon thereafter."

To this and similar evidence plaintiff excepted and assigned as error.

It will be noted on the direct examination that this matter was brought out by plaintiff. Thompson testified that the only information as to the Tillett loan was what he (Tillett) told him. Under the

facts and circumstances in this case, on cross-examination, we think the evidence was competent. The plaintiff was trying to show that the Tillett loan was made .with notice. The defendant was trying to show to the contrary. Tillett was a party defendant. We think the evidence goes as far as permissible to prove any circumstance calculated to throw light upon the intent of Tillett, and that he had no notice. It does not militate against the principle laid down in *Durrence v. Northern Nat. Bank,* 43 S. E., 726; 117 Ga., 385, where it is said:

"The only remaining ground of the motion for new trial complained that the court refused to permit Brewton to testify that H. J. Durrence bought the land 'in good faith and without notice of the deed from' Brewer to Craig & Co. From the brief of evidence it appears that the witness was allowed to testify that, so far as the witness knew, Durrence had no notice of the title of Craig & Co. The ruling of the court, excluding the evidence above set out, was correct. While a vendee may testify that he bought without notice (*Hale v. Robertson,* 100 Ga., 168; 27 S. E., 937), no one else can do so, though such other witness may testify as to facts tending to show that the vendee had no notice, and especially that he had no notice from the witness. It is not competent for a witness to testify directly as to another's intention. *Cihak v. Klekr,* 117 Ill., 643; 7 N. E., 111; *Manufacturers Bank v. Koch,* 105 N. Y., 630; 12 N. E., 9; 1 Jones Evid., sec. 167; *Gardom v. Woodward* (Kan.), 21 Am. St. Rep., 314, note (*S. c.,* 25 Pac., 199). Brewton testified that, so far as he knew, Durrence bought without notice. To allow him to state, without qualification, that the vendee had no notice whatever from any source, would be to allow him to testify as to a matter which he could not possibly know to be true. So, while a vendee may be allowed to testify as to his own good faith, this is something which no one else can possibly know, and to which, therefore, no one else should be allowed to testify directly." Wigmore on Evidence (2 ed.), sec. 661; *Wolf v. Arthur,* 112 N. C., 692; *Stanley v. Lumber Co.,* 184 N. C., 306; *S. v. Journegan,* 185 N. C., 707.

We are of the opinion that there was no sufficient evidence to show that either Thompson or Tillett took with notice of the alleged agreement between plaintiffs and C. W. Brown. C. C. Drew testified as follows as to this agreement: "They lived at this place before the death of Charles Harvey; I went to the place with C. W. Brown to see them before the deed was made. Charles Harvey was sick in bed. I married the plaintiff's daughter. I did not administer on his estate. I went out there with Brown to see them, and had a conversation, which was before the deed was made. Brown said he would give them fifty dollars and give them their life estate in the property, giving them a

deed. They told them they owed Mr. Brooks and were unable to pay him, and were hunting relief. He agreed to intervene and take up the mortgages."

If there was an agreement between plaintiffs and C. W. Brown that he would pay the Brooks mortgages and give them a life estate in the property, and in pursuance of this agreement the plaintiffs made a fee-simple deed to C. W. Brown, and he in turn deeded a life estate to Chas. Harvey and wife, Susan Harvey, but in breach of his contract procured the Brooks mortgage to be foreclosed, Chas. Harvey having died, the life estate survived to his wife, Susan Harvey (*Turlington v. Lucas,* 186 N. C., 286), and she could recover damages for the breach of the contract. *Parlier v. Miller,* 186 N. C., 501. For the reasons stated the judgment is

Affirmed.