STATE v. CHARLES BERRY.

(Filed 28 October, 1925.)

1. **Constitutional Law — Criminal Law — Trial by Jury — Conviction— Verdict.**

   It is required by our organic law that with certain reservations conferred on the Legislature in case of misdemeanors, that for a lawful conviction of a crime a unanimous verdict must be rendered by a jury of twelve in open court, and a verdict of guilty rendered by a less number is unconstitutional. Const. of N. C., Art. I, sec. 13.

2. **Appeal and Error—Record.**

   The record of the trial on appeal is to be observed in the Supreme Court as importing verity.

APPEAL by defendant from *Calvert, J.,* and a jury, at March Term, 1925, of ORANGE.   New trial.

Defendant was tried and convicted of an assault with a deadly weapon upon Louis Porter and Charles Porter, and from the judgment upon such conviction appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Gattis & Gattis for defendant.*

CLARKSON, J.   In the record of the case sent to this Court, it appears that the jury which tried defendant was composed of only ten men.

The Constitution of North Carolina, Art. I, sec. 13, provides: "No person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court. The Legislature may, however, provide other means of trial for petty misdemeanors with the right of appeal."

*Nash, C. J.,* in *S. v. Moss,* 47 N. C., p. 68, says: "These principles are dear to every freeman; they are his shield and buckler against wrong and oppression and lie at the foundation of civil liberty; they are declared to be *rights* of the citizens of North Carolina, and ought to be vigilantly guarded."

*Ashe, J.,* in *S. v. Stewart,* 89 N. C., p. 564, says: "It is a fundamental principle of the common law, declared in 'Magna Charta,' and again in our Bill of Rights, that 'no person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court.' Art. I, sec. 13. The only exception to this is, where the Legislature may provide other means of trial for petty misdemeanors with the right of appeal—Proviso in same section."

TENNANT *v.* BANK.

In *S. v. Rogers,* 162 N. C., p. 659, *Brown, J.,* says: "It is elementary that a jury, as understood at common law and as used in our Constitutions, Federal and State, signifies twelve men duly impaneled in the case to be tried. A less number is not a jury. *Traction Co. v. Hof,* 174 U. S., 1." *S. v. Holt,* 90 N. C., 749; *S. v. Cutshall,* 110 N. C., 538; *S. v. Wood,* 175 N. C., 809; *Bartholomew v. Parrish,* 186 N. C., 85.

The record proper "imports verity." *S. v. Wheeler,* 185 N. C., p. 670; *S. v. Palmore,* 189 N. C., p. 538.

Waiver of certain privileges and rights was discussed recently by *Stacy, C. J.,* in *S. v. Hartsfield,* 188 N. C., p. 357, and we need not repeat here.

The defendant waived nothing, but insisted on his rights, as the record disclosed. It appearing by the record that the defendant was tried and convicted by ten men, the conviction was improper and no judgment could be rendered. For the reason given, there must be a

New trial.