## J. H. WHITLEY v. H. H. POWELL.

(Filed 24 March, 1926.)

**1. Mortgages—Powers of Sale—Notice—Advertisement.**

In the exercise of a power of sale of lands under a mortgage wherein under its terms it may be foreclosed and the proceeds applied to the payment of notes it secures, requiring that previous notice be given by advertisement for thirty days in some newspaper published in the county wherein the lands are situate, and by posting notices in some conspicuous places in the county for thirty days, and first advertising same for at least twenty days at the courthouse door: *Held,* in the exercise of such power the mortgagee is not required to publish the notice daily, especially when no daily paper was published in the county, or, in the exercise of good faith, to continuously examine to see that they remain posted, after once having originally posted the notices as specified in the mortgage.

**2. Same—Contracts—Deeds and Conveyances—Intent.**

The notice by publication ordinarily required to be previously given to the exercise of a power of sale contained in a mortgage, will be construed to effectuate the intent of the parties, and the sale thereunder will not be held void when the power has been fairly exercised in accordance with this intent as gathered from the language used in the instrument.

APPEAL by defendant from *Cranmer, J.,* at November Term, 1925, of WILSON. Error.

The action was instituted by plaintiff against defendant to remove cloud from title. It was decided by the court below on the "statement of case agreed." The material facts will be considered in the opinion.

*G. W. Taylor and W. A. Lucas for plaintiff.*
*W. A. Finch and Connor & Hill for defendant.*

CLARKSON, J. The power of sale contained in the mortgage, and the subject-matter of the controversy, is as follows: "But if default be made in the payment of said notes, or either of them, or the interest on same, or any part of either at maturity, then and in that event it shall be lawful for and the duty of the said H. H. Powell or his assignee to sell said lands hereinbefore described to the highest bidder, for cash (on the premises), first advertising same for thirty days in some newspaper published in Wilson County, and by posting notices in some conspicuous place in said county and at the courthouse door for at least twenty days before the sale."

In *Hinton v. Hall,* 166 N. C., p. 480, it was said: "It was true that failure to advertise according to the terms of the power of sale invalidates the sale. *Eubanks v. Becton,* 158 N. C., 230. But it is said that such sale is not absolutely void, but will pass the legal title. *Eubanks v. Becton, supra; Brett v. Davenport,* 151 N. C., 58. While such sale would be set aside as to the purchaser, a subsequent or remote grantee without notice and in good faith takes a good title against such defects or irregularities in the sale of which he had no notice. 27 Cyc., 1494." *Kornegay v. Spicer,* 76 N. C., 96; *Shew v. Call,* 119 N. C., 453; *Fleming v. Barden,* 127 N. C., 217; *Ferebee v. Sawyer,* 167 N. C., 201; *Banking Co. v. Leach,* 169 N. C., 706; *Brewington v. Hargrove,* 178 N. C., 146; *Harvey v. Brown,* 187 N. C., 365; *Brown v. Jennings,* 188 N. C., 160; *Douglas v. Rhodes, ibid.,* 584.

It appears in the case agreed:

"On 11 June, 1917, a notice of the sale of the property under mortgage, signed by H. H. Powell, mortgagee, by his attorney, was posted at the courthouse door in Wilson, North Carolina, and three other public places in Wilson County, in which notice was given that the mortgagee would sell the property because of default in the payment of the notes secured by the mortgage, on Monday, 16 July, 1917, at 12 o'clock noon, on the premises, in the town of Stantonsburg, North Carolina, and on 15 June, 1917, a notice was published in the *Semi-Weekly Times* as follows: 'Sale of real estate: By virtue of the power of sale contained in the mortgage executed by J. H. Whitley to the undersigned, dated 8 August, 1914, and recorded in Book 103, page 237, Wilson County registry, default having been made in the payment of the notes recited therein, the undersigned will, on Monday, 16 July, 1917, at 12 o'clock m., on the premises in the town of Stantonsburg, Wilson County, North Carolina, offer for sale at public auction, to the highest bidder, that certain lot or parcel of land lying and being situate in the

town of Stantonsburg, Wilson County, North Carolina, known as the "Garage Lot" and described as follows: (Describing fully the land by metes and bounds.) Terms of sale: Cash.' And a like notice was published in the *Daily Times* on 22 June, 3 July, and 10 July, 1917, and on no other dates. The Daily Times is a newspaper published in Wilson daily except Sundays, and the *Semi-Weekly Times,* twice each, and is in reality a semi-weekly edition of the *Daily Times.*"

The only question raised by the parties is: Whether the publication, on 15 June, 1917, in the *Semi-Weekly Times,* a newspaper published in Wilson, of the notice of foreclosure, and the publication of a like notice in the *Daily Times,* a daily newspaper (except Sunday) published at Wilson, N. C., on 22 June, 3 July, and 10 July, 1917, and on no other dates, and the posting at the courthouse door and at three other public places in Wilson County, on 11 June, 1917, of a notice of sale, to be held on 16 July, 1917, was a sufficient compliance with the power of sale contained in the mortgage, requiring as a condition to the exercise of the power, "first advertising same for thirty days in some newspaper published in Wilson County, and by posting notice at some conspicuous place in said county and at the courthouse door for at least twenty days before the sale." The *Daily Times* is a newspaper published in Wilson, daily, except Sunday, and the *Semi-Weekly Times* is a semi-weekly edition of the *Daily Times.* The court below was of the opinion that publication of said notice in the *Semi-Weekly Times* and the *Daily Times* only on the dates of 15 June, 22 June, 3 July and 10 July, 1917, was not a sufficient compliance with the conditions of the exercise of the power of sale requiring "first advertising same for thirty days in some newspaper published in Wilson County," and that the plaintiff is entitled to the relief demanded. We cannot so hold.

The power of sale in the mortgage must be construed like any other contract. The property was sold on the premises to the highest bidder for cash. It was advertised by posting notices in conspicuous places in the county for 30 days before the sale and at the courthouse door for 30 days before the sale—the contract says at least 20 days before sale. The vice complained of is that it was not advertised each day successively for 30 days in some newspaper published in Wilson County. The language of the contract is conjunctive (1) *first advertising same* for 30 days in some newspaper published in Wilson County; (2) and *first advertising same* for 30 days by posting notice in some conspicuous place in said county; (3) and *first advertising same* at the courthouse door for at least 20 days before sale.

It cannot be contended that *first advertising same for thirty days* by posting notices in some conspicuous place in the county means that each

successive day a notice must be posted, nor can it be contended that the posting each successive day is required at the courthouse door. We think the publication as made was a sufficient compliance with the terms of the mortgage. If the mortgagor desired he could have said in the contract *each successive day for thirty days.* This was not done. It also appears from the record that there is no newspaper published each successive day in Wilson County. Plaintiff's construction of the power of sale contract would make it, so far as utilizing the power of sale contract, a nullity. This could not be the intent of the parties. The record shows that the sale took place on the premises on 18 July, 1917, and the present suit was not instituted until 20 December, 1921—over four years after the sale. Under the facts and circumstances of this case, we do not think plaintiff can disaffirm the power of sale contract. *Hogan v. Utter,* 175 N. C., 332; *Jenkins v. Griffin, ibid.,* 184.

It was said in *Carson v. Fleming,* 188 N. C., p. 602: "The court instructed the jury that if the trustee posted the notices as required in the deed of trust, it would not be necessary for him to show that the notices remained posted continuously for the required period of time; that the fact that he had so posted the notices was sufficient in the absence of evidence that he knew that they had been destroyed and that proper notice had not been given of the sale. . . . There is no evidence in this case that the trustee knew that any of the notices had been destroyed or torn down, if such were the fact. He had fully discharged his duty in causing the advertisements to be made as required by the defendants, in their deed of trust to him, and had a right to presume, on the day of sale, that the notices had remained posted."

For the reasons given, there is

