STATE v. C. A. LAKEY AND MRS. C. A. LAKEY.

(Filed 7 April, 1926.)

**1. Courts—Municipal Courts—Criminal Law—Misdemeanors—Judgments —Waiver—Constitutional Law.**

A person on trial for a misdemeanor (a disorderly house) in a municipal court with right of appeal to the Superior Court, may waive his constitutional right to a trial by jury by consenting to the judgment therein entered, or by not appealing therefrom, and his afterwards employing an attorney and moving for the appeal within the time allowed by the statute applicable will not affect the fact that he had personally acquiesced in the judgment entered. Const., Art. I, sec. 13; C. S., 1528, 1529, 1530, 1531.

APPEAL by defendants from *Wade H. Phillips, Emergency Judge,* at October Criminal Term, 1925, of FORSYTH. Affirmed.

A warrant was duly issued by the proper officer of the municipal court of the city of Winston-Salem, against defendants *for keeping a disorderly house.* Upon a plea by defendants of not guilty, and after hearing, Hon. T. W. Watson, judge presiding, the following judgment was rendered:

"North Carolina—Forsyth County.

"In the Municipal Court of the city of Winston-Salem, N. C., September 30, 1925.

State v. C. A. Lakey and Mrs. C. A. Lakey.

"After hearing the evidence in this case the defendants are adjudged guilty. Judgment suspended, upon payment of costs, conditioned upon the defendants moving from No. 621 North Liberty Street, on or before 2 October, 1925, at twelve o'clock noon. The defendants consenting to this judgment."

The defendants paid the costs. On 2 October, 1925, "three days after the trial in the municipal court, gave notice of appeal in open court, the judge of this municipal court refused to recognize the notice of appeal, but stated that there was no appeal as the case then stood, and that defendants must vacate the house according to the judgment."

Thereafter, on 5 October, 1925, defendants applied to the emergency judge, Wade H. Phillips, holding the criminal term of Forsyth County Superior Court commencing on that date, for a writ of *certiorari.* C. S., 630. The clerk of the municipal court made affidavit and testified to the judgment as rendered by Watson, judge. C. A. Lakey made affidavit as follows: "That when he was tried in the municipal court on 30 September, 1925, and adjudged guilty; that he felt that he did not

STATE *v.* LAKEY.

get justice; that he was not represented by counsel; that he desired to appeal; that at all times since the judgment he has desired to appeal the matter to the Superior Court; that on 2 October, 1925, he employed counsel who advised him of his right of appeal; that he employed counsel, who gave notice of appeal in open court, whereupon the judge in the lower court refused to recognize such action, failing to make a bond; that such motion was made before the expiration of the time that the judgment allowed me to vacate the house where I lived. That when the costs were paid that I might be released from jail, where me and my wife, Mrs. C. A. Lakey, were being held, I was still dissatisfied with the judgment, and therefore, employed counsel before the time elapsed for moving. That the deponent still stands on his constitutional rights and desires that the case be heard before a jury in the Superior Court."

The court below rendered the following judgment:

"Now, therefore, upon consideration of the affidavits from the record, in the municipal court, as transmitted and the argument of counsel, the court finds as a fact that the defendants C. A. Lakey and Mrs. C. A. Lakey, both being over twenty-one years of age, submitted to and agreed to judgment of the court below. That in said court they agreed to waive trial by jury. The court finds further as a fact, that they had ample time to employ counsel in said court. The court finds that they partly complied with the judgment in said municipal court by paying the costs in the case, and that they both agreed to the further conditions in the judgment to wit: that they would move from 621 Liberty Street, on or before twelve o'clock, 2 October, 1925. It is therefore, on motion of the solicitor, ordered that the *certiorari* and the appeal be dismissed and the case is remanded to the municipal court of the city of Winston-Salem, to be there proceeded with, according to terms of said judgment."

The following exceptions and assignments of error were made by defendants and an appeal taken to the Supreme Court:

"1. That his Honor erred in dismissing the writ.

"2. Erred in not ordering the case docketed for a hearing as on appeal in the Superior Court.

"3. Erred in that he remanded the case to the municipal court, city of Winston-Salem, for execution on the judgment in that court."

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Z. C. Camp for defendants.*

CLARKSON, J. The merits of the case are not before us. The assignments of errors will be considered together.

The Constitution of North Carolina, Art. I, sec. 13, says: "No person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court. The Legislature may, however, provide other means of trial for petty misdemeanors, with the right of appeal."

Private Laws 1915, chapter 180, established the "Municipal Court of the city of Winston-Salem"—a special court for the trial of petty misdemeanors.

Section 70, is as follows: "Warrants or other process may be issued by the judge or clerk of said court for any person charged with the commission of. any offense of which said court has jurisdiction, or any person convicted in said court shall have the right of appeal to the Superior Court of Forsyth County, and upon such appeal the trial in the Superior Court shall be *de novo.*"

Section 77, is as follows: "All judgments and orders of the judge shall remain *in fieri* for thirty days next after the day upon which said judgment or order is announced, and during that period the judge shall have the power and authority to make such changes and modifications in said judgment or order as in his judgment are necessary or just, and with like effect as if made at the time of announcement of the original judgment or order."

Section 78, is as follows: "The judge shall preside over said court and try and determine all actions coming before him, the jurisdiction of which is conferred by this act, *and the proceedings of the said court shall be the same as are now prescribed for courts of justices of the peace,* and in all cases there shall be a right of appeal on the part of the defendant adjudged guilty to an ensuing term of the Superior Court for the trial of criminal cases; and in all such cases of appeal the defendant shall be required to give bond with sufficient surety to insure the defendant's appearance, and in default thereof the judge shall commit such defendant to the common jail of Forsyth County until such defendant shall give bond or be otherwise discharged according to law."

Under C. S., chapter 27, Courts, Art. 16, Appeal, we find:

"1528. A new trial is not allowed in a justice's court in any case whatever; but either party dissatisfied with the judgment in such court may appeal therefrom to the Superior Court, as hereinafter prescribed."

"1529. No appeal shall prevent the issuing of an execution on a judgment, or work a stay thereof, except as provided for by giving an undertaking and obtaining an order to stay execution."

"1530. The appellant shall, within ten days after judgment, serve a notice of appeal, stating the grounds upon which the appeal is founded. If the judgment is rendered upon process not personally served, and the

defendant did not appear and answer, he shall have fifteen days, after personal notice of the rendition of the judgment, to serve the notice of appeal herein provided for."

"1531. Where any party prays an appeal from a judgment rendered in a justice's court, and the adverse party is present in person or by attorney at the time of the prayer, the appellant shall not be compelled to give any written notice of appeal either to the justice or to the adverse party."

In *S. v. Johnson,* 109 N. C., p. 852, it is decided: "In an appeal from a justice of the peace to the Superior Court, notice must be served by an officer (unless service is accepted or the appeal is taken at the trial), and within ten days both upon the justice who tried the case and upon the appellee, and upon failure to give such notice, unless the judge, in his discretion, permits the notice to be given at the trial, the appeal should be dismissed." *Hunter v. R. R.,* 161 N. C., 503; *Tedder v. Deaton,* 167 N. C., 479.

We think, like the able attorney for defendants, that the defendants, under the statute, had within ten days after judgment to serve notice of appeal, but this does not avail them here. They did not appeal when judgment was rendered. After the defendants were convicted, and no doubt a plea by them to the court was made for leniency, the defendants paid the cost and agreed to move from the house where they were charged and convicted of keeping a disorderly house. The judgment reads: "The defendants consenting to this judgment." Defendants upon conviction had a right to appeal by giving notice in open court, if that was not done to serve written notice on the solicitor and the court, within ten days after the judgment. They would have then protected their constitutional rights of trial by jury in the Superior Court. They were charged with a misdemeanor and had a right to waive a trial by jury and consent to the judgment—this they did and cannot now be heard to complain.

In *S. v. Hartsfield,* 188 N. C., p. 360, it is said: "It is the general rule, subject to certain exceptions, that a defendant may waive the benefit of a constitutional as well as a statutory provision. Sedgwick Stat. and Const. Law, p. 111. And this may be done by express consent, by failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it. *S. v. Mitchell,* 119 N. C., 784." *S. v. Berry,* 190 N. C., 363.

In *S. v. Everitt,* 164 N. C., 399, this Court said: "Where a defendant submits or is convicted of a criminal offense and is present when the judge, in the exercise of his reasonable discretion, suspends judgment upon certain terms, and does not object thereto, he is deemed to have acquiesced therein, and may not subsequently be heard to complain

WEARN v. R. R.

thereof; and in proper instances it will be presumed that the court exercised such discretion." *S. v. Tripp*, 168 N. C., 153; *S. v. Hardin*, 183 N. C., p. 815.

Whatever may be the decisions of other states, the law is well settled by this Court against the contentions of defendants. It will be noted that in the affidavit of C. A. Lakey he did not controvert the fact that he consented to the judgment. It is to his credit that he kept the "whiteness of his soul."

The judgment of the court below is
Affirmed.