W. L. BROWN v. C. M. SHEETS, W. G. LINDSAY AND ARCHIE ELLEDGE, TRUSTEE.

(Filed 22 May, 1929.)

1. **Appeal and Error J c—Findings of fact supported by sufficient evidence will be sustained.**

Where the trial court is authorized to find the issuable facts in controversy in lieu of a jury, his findings supported by sufficient legal evidence will be sustained on appeal.

2. **Same—Finding that jury trial was waived controlling on appeal in absence of proof to the contrary by appellant.**

Where the statute authorizing the establishment of a county court provides that a party waives his right to a jury trial unless he demands it, the finding of the court that a jury trial had been expressly waived by the parties litigant will be controlling on appeal, the presumption being in favor of the correctness of the proceedings with the burden of showing error on the appellant.

3. **Mortgages H m—Subsequent purchaser without notice of irregularities in foreclosure sale takes title free from infirmities.**

The sale of land under foreclosure of a mortgage or deed of trust is only voidable for failure to advertise for the period of time fixed by law, and the innocent purchaser at the foreclosure sale, without notice of an irregularity, acquires the absolute title which he may convey to another who likewise holds it unaffected by the infirmity, if he has not participated in the fraud or irregularity.

4. **Mortgages H p—Mortgagor not entitled to have sale set aside for irregularities as against purchaser for value without notice.**

Where lands have been foreclosed under mortgage or deeds of trust and many times resold under the provisions of C. S., 2591, and the owner of the equity of redemption has not protected himself at the sales, he may not have the deed at the final foreclosure sale set aside for irregularity when the last purchaser is an innocent purchaser for value in good faith.

5. **New Trial B g—Newly discovered evidence must not be merely accumulative to entitle movant to new trial.**

The party moving for a new trial upon the ground of newly discovered evidence must show to the sound discretion of the trial court, its materiality and competency, and that he was not guilty of laches in not discovering it in time for introduction at the trial, and that the evidence is not merely cumulative and its reception would probably change the verdict as rendered.

APPEAL by plaintiff from *Moore, J.,* at .......... Term, 1929, of FORSYTH. No error.

This action was tried in the County Court of Forsyth County, N. C., before Judge Oscar O. Efird. The following judgment was rendered:

"This cause coming on to be heard, and being heard at 15th October, 1928, Term of the Forsyth County Court, and neither the plaintiff nor the defendants in their pleadings, having asked for jury trial, and both the plaintiff and the defendants having in open court, through their respective counsel, entered of record consented that a jury should be dispensed with, and that the judge of the Forsyth County Court should find the facts in the case, and on such findings of fact should enter a judgment in accordance with law, such agreement being made in the presence of all parties to the action, and both the plaintiff and the defendants having introduced evidence, and having argued the case, thereupon the court makes the following findings of fact, such findings of fact being in addition to the formal admissions made by the parties in open court:

Finding No. 1: The plaintiff, W. L. Brown, through his agent, J. G. Nance, became the last and highest bidder at the foreclosure sale held on 9 September, 1925.

Finding No. 2: Such bid made by the plaintiff, through his agent, J. H. Nance, was made in bad faith, and for the purpose of wrongfully delaying and preventing the foreclosure of the deed of trust, and without intent to comply with the terms of such bid.

Finding No. 3: The sale held on 2 December, 1925, was advertised by the trustee under the order of the clerk of Superior Court dated 20 October, 1925, by the publication of a notice in the *Twin-City Sentinel,* a newspaper published in Forsyth County, on the 18th and on the 25th days of November, 1925, and also by posting such notices at the courthouse door and three other public places in Forsyth County for fifteen days prior to such sale, such notice being in due form, and such notice, both as to form and manner of publication, complying with the terms of the order of resale of the clerk of the Superior Court for Forsyth County, dated 20 October, 1925. The sale on 2 December, 1925, was held on Wednesday, and was the third day of a term of the Superior Court for Forsyth County.

Finding No. 4: C. M. Sheets, one of the defendants, became the purchaser from Mock and Wiseman, the purchasers at the foreclosure sale, of the lands described in the complaint for a valuable consideration ($1,433.66) in good faith, and without knowledge of any irregularities in the foreclosure proceedings.

Finding No. 5: The defendant, W. G. Lindsay, thereafter became the purchaser from C. M. Sheets of the part of the lands described in the complaint for a valuable consideration, with notice that the foreclosure sale of 2 December had been advertised by notices published in the newspaper for only once a week for two weeks preceding the sale; and with notice that the plaintiff claimed the sale and had been irregularly held and that the plaintiff claimed to be the owner of the property; that the

said W. G. Lindsay did not in any way participate in the manner or method of advertising such resale, or any irregularities connected therewith.

Finding No. 6: That there was a delay and a postponement of the resale advertised for 5 November, 1925, such delay being granted at the request of the plaintiff, and that such delay was not a waiver or condonation of the conduct of the plaintiff in bidding in bad faith at the sale held on 9 September, 1925, as set out in findings of fact No. 2.

Finding No. 7: That the deed of trust under which such property was sold, same being recorded .in the registry of Forsyth County, Book of Deeds of Trust 176, page 132, secured a note in the sum of $1,007.50 with interest; that the same was past due and unpaid; that at the request of the holders of said note (Mock and Wiseman), the trustee, A. R. Bridgers, duly advertised said property for sale in April, 1925, and thereafter on increased bids being filed with the clerk of the Superior Court for Forsyth County, several resales were duly ordered by said clerk and duly advertised, and that a resale was duly ordered by the clerk of the Superior Court for Forsyth County to be held on 9 September, 1925, and such sale was duly advertised. And, that as a matter of law, all proceedings were regular up to and through the sale of 9 September, 1925, except as appears in the second finding of fact above.

The above findings of fact cover all issues raised by the pleadings or tendered by either party to the action, except the issues tendered by defendant, Lindsay, relating to betterments.

On such findings of fact the court orders, adjudges and decrees, that the plaintiff take nothing by his action, and that the same be dismissed, and the costs be taxed against the plaintiff:

Further, that the court orders, adjudges and decrees that the title of C. M. Sheets and W. G. Lindsay in and to the lands described in the complaint is good, and that the plaintiff, W. L. Brown, has no right, title, interest or estate whatsoever in or to said lands; that all claims of the said W. L. Brown in or to such lands are hereby adjudicated and resolved against him, and that insofar as the said W. L. Brown is concerned the title and estate of the said defendants under their respective deeds referred to above are hereby quieted and declared to be valid."

Numerous exceptions and assignments of error. were made and on appeal to the Superior Court .the following judgment was rendered: "This cause coming on to be heard before his Honor, Walter E. Moore, judge, on appeal from the Forsyth County Court, from a judgment in favor of the defendants, and the court having heard argument of counsel and having considered the exceptions of the plaintiff as appear in the record and having found that none of the exceptions of the plaintiff constitute reversible error and that the judgment of the Forsyth County

BROWN *v.* SHEETS.

Court should be affirmed: It is, therefore, ordered, adjudged and decreed that each and every one of the exceptions of plaintiff are overruled and the judgment of the Forsyth County Court is hereby affirmed; and it is ordered that the action be remanded to the Forsyth County Court for disposition in accordance with this judgment, and that the costs of the appeal be taxed against the plaintiff."

From this judgment the plaintiff, appellant, made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Richmond Rucker and John J. Ingle for plaintiff.*
*Parrish & Deal and W. T. Wilson for defendants.*

CLARKSON, J. The main and material question: Plaintiff, appellant, excepts and assigns error to the refusal of the court to grant the plaintiff's motion for judgment on the pleadings: "The appellant contends that judgment for the plaintiff on the pleadings should have been granted for the reason that the answer and further defense clearly show that the sale under foreclosure was irregular and that from the records incorporated by reference in their pleadings the defendants had notice or acted in bad faith in acquiring the property." We cannot so hold. The record discloses that the court below found the facts to the contrary and there was sufficient evidence to sustain the findings. *In the Matter of Assessment Against R. R.,* 196 N. C., at p. 758-9.

Chapter 520, Public-Local Laws of 1915, sec. 3(a), the act establishing the Forsyth County Court provides: "That in the trial of civil cases in said court either the plaintiff at the time of filing the complaint or the defendant at the time of filing the answer may in his pleadings demand and have a jury trial as provided in the trial of causes in the Superior Court; that failure to demand a jury trial at the time herein provided shall be deemed a waiver of the right to a trial by jury; that the judge of said court, when in his opinion the ends of justice would be best served by submitting the issues to the jury, may have a jury called of his own motion and submit to it such issues as he may deem material."

Under the statute, neither party requested a jury trial. The judgment of the Forsyth County Court so finds and further that the agreement to waive a jury trial was "entered of record." C. S., 568. *Morris v. Bogue Corporation,* 194 N. C., 279; *Burlington Hotel Corp. v. Dixon,* 196 N. C., 265. The presumption is that the proceedings in the court below are correct and the appellant must show error. *Parker v. Debnam,* 195 N. C., at p. 60.

The record "imports verity." *S. v. Wheeler,* 185 N. C., 670; *S. v. Palmore,* 189 N. C., 538; *S. v. Berry,* 190 N. C., 363.

The court below found: C. M. Sheets, one of the defendants, became the purchaser from Mock and Wiseman, the purchasers at the foreclosure sale, of the lands described in the complaint for a valuable consideration ($1,433.66) in good faith, and without knowledge of any irregularities in the foreclosure proceedings.

In *Jenkins v. Griffin*, 175 N. C., 184, 186, it is said: "The presumption of law is in favor of the regularity in the execution of the power of sale; and if there was any failure to advertise properly the burden was on defendant (here on plaintiff) to show it." *Douglas v. Rhodes*, 188 N. C., at p. 584.

In *Hinton v. Hall*, 166 N. C., p. 480, it was said: "It was true that failure to advertise according to the terms of the power of sale invalidates the sale, *Eubanks v. Becton*, 158 N. C., 230. But it is said that such sale is not absolutely void, but will pass the legal title. *Eubanks v. Becton, supra; Brett v. Davenport*, 151 N. C., 58. While such sale would be set aside as to the purchaser, a subsequent or remote grantee without notice and in good faith takes a good title against such defects or irregularities in the sale of which he had no notice. 27 Cyc., 1494." *Whitley v. Powell*, 191 N. C., at p. 477; 19 R. C. L., 623.

The defendant, Sheets, therefore, got a good title because the court below found that he was a bona fide purchaser from the purchasers at the foreclosure sale for value, and without notice of any irregularities. As to the defendant, Lindsay, to whom Sheets subsequently sold a part of these lands, the court has found on disputed evidence that Lindsay had been informed that there were claims of irregularities in the foreclosure prior to the time he purchased. This is immaterial, because once Sheets had acquired good title, he had the right to convey good title to any one who had not participated in any wrongdoing. If this was not so a bona fide purchaser for value without notice would have the title to his land "bottled up."

2 Pomeroy's Equity Jurisprudence (4 ed.), sec. 754, states the rule as follows: "There are two special rules on the subject which have been settled since an early day; one being a mere application of the general doctrine, and the other a necessary inference from it. The first is, that if a second purchaser for value and without notice purchases from a first purchaser who is charged with notice, he thereby becomes a bona fide purchaser and is entitled to protection. This statement may be generalized. If the title to land, having passed through successive grantees, and subject in the hands of each to prior outstanding equities, comes to a purchaser for value and without notice, it is at once freed from these equities; he obtains a valid title, and, with a single exception, the full power of disposition. This exception is, that such a title cannot be conveyed, free from the prior equities, back to a former owner

who was charged with notice. If A., holding a title affected with notice, conveys to B., a bona fide purchaser, and afterwards takes a reconveyance to himself, all the equities revive and attach to the land in his hands, since the doctrine requires not only valuable consideration and absence of notice, but also *good faith.* The second rule is, that if a second purchaser with notice acquires title from a first purchaser who was without notice, and bona fide, he succeeds to all the rights of his immediate grantor. In fact, when land once comes, freed from equities, into the hands of a bona fide purchaser, he obtains a complete *jus disponendi,* with the exception last above mentioned, and may transfer a perfect title even to volunteers."

In *Phillips v. Buchanan Lumber Co.,* 151 N. C., at 521, this Court, speaking to the subject, said: "Besides, a purchaser for value from one whose deed was procured by fraud gets a good title if he has no notice of the fraud. *Odom v. Riddick,* 104 N. C., 515, and cases there cited. Even a purchaser with notice of the fraud from an innocent purchaser without notice gets good title. *Glenn v. Bank,* 70 N. C., 205; *Fowler v. Poor,* 93 N. C., 466."

It appears from the record that numerous resales of the property in controversy were had in accordance with C. S., 2591. It is alleged by defendants "more than ten times being advertised, each time for sale and resale, according to law." This matter has been recently discussed in *Hanna v. Car. Mortgage Co., ante,* 184. We need not repeat. It is there said that "It is a statute that does not hurt the mortgagee, but is beneficial to the mortgagor and often saves mortgaged property from being sacrificed." The plaintiff had opportunity, time and time again, to bid on the property in controversy at resales, and as the holder of the equity of redemption to protect himself. He slept on his rights and, although a hardship, we cannot change well settled principles of law. "Hard cases are the quicksands of the law." *Leak v. Armfield,* 187 N. C., 625.

The plaintiff's motion for a new trial on the ground of newly discovered evidence cannot be allowed. We have read the affidavits carefully. The law in regard to newly discovered evidence is well stated in *Johnson v. R. R.,* 163 N. C., at p. 453: "Applications of this kind, as we have held, should be carefully scrutinized and cautiously examined, and the burden is upon the applicant to rebut the presumption that the verdict is correct and that there has been a lack of due diligence. 14 Am. and Eng. Enc. Pl. and Pr., 790. We require, as prerequisite to the granting of such motions, that it shall appear by the affidavit: (1) That the witness will give the newly discovered evidence; (2) that it is probably true; (3) that it is competent, material and relevant; (4) that due diligence has been used and the means employed, or that there has been no

laches, in procuring the testimony at the trial; (5) that it is not merely cumulative; (6) that it does not tend only to contradict a former witness or to impeach or discredit him; (7) that it is of such a nature as to show that on another trial a different result will probably be reached and that the right will prevail," citing numerous authorities.

This decision has been cited time and time again. The newly discovered evidence is merely cumulative.

As to the regularity of the sale, for the reasons given on the other aspects of the case, it is not necessary to consider, but see *Guilford v. Georgia Co.,* 109 N. C., 310; *Whitley v. Powell,* 191 N. C., 476.

From a thorough examination of the record, carefully prepared briefs and affidavits on the motion, we can find in law

No error.