### STATE v. FAROY CANADY.

(Filed 18 September, 1957.)

**Criminal Law § 143—**

> Where suspended sentence is entered and defendant does not except or give notice of appeal during the term, but complies with certain of the terms of suspension, he waives his right to appeal and may not thereafter appeal, even though written notice of appeal is served within ten days from the adjournment of the term.

APPEAL by defendant from *Fountain, Special Judge,* April 22nd Special Criminal Term, 1957, of CRAVEN.

Criminal prosecution for operation of a motor vehicle upon a public highway while under the influence of intoxicating liquor in violation of G.S. 20-138.

Defendant was first tried and convicted in the Recorder's Court of Craven County. On appeal, he was tried *de novo* in the Superior Court on the original warrant.

Upon the jury's verdict of guilty, the court pronounced judgment as follows:

> "Judgment of the Court is that the defendant be confined in the common jail of Craven County for a period of ninety (90) days to be assigned to work the roads of the State under the supervision of the State Highway and Public Works Commission. Sentence suspended upon the condition that defendant pay a fine of $100.00 and court costs and remain on good behavior for two (2) years. The defendant surrendered his license to the court. The above sentence was suspended by and with the consent of the defendant, through his counsel, in open court given."

During the term, defendant did not except to the judgment or give notice of appeal. On April 26, 1957, defendant paid the $100.00 fine and court costs in the amount of $51.85 to the clerk of the Superior Court.

On May 4, 1957, after adjournment of the (one week) term, but within ten days from the date of adjournment, defendant's counsel, who had represented defendant at the trial, served a written notice of appeal on the district solicitor; and defendant's purported appeal is based thereon.

The assignments of error defendant attempts to bring forward are based on exceptions to rulings made in the trial in the Superior Court.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*Charles L. Abernethy, Jr., for defendant, appellant.*

PER CURIAM. While the record on defendant's purported appeal fails to disclose prejudicial error, any discussion of defendant's assignments of error would be irrelevant; for, under the facts stated, the appeal must be and is dismissed on authority of *S. v. Lakey,* 191 N.C. 571, 132 S.E. 570.

Appeal dismissed.