## STATE v. JAMES DAVID HAIRSTON
### (Filed 11 December, 1957)

**Criminal Law § 143—**

Where defendant evidences his consent to a suspended judgment by making payments into court in accordance with the terms of suspension, he waives his right of appeal.

APPEAL by defendant from a judgment of *Sharp, S. J.,* at Chambers, 22 June 1957, CASWELL.

In April 1956 a warrant issued from the Recorder's Court of Caswell County charging defendant with a wilful failure to support his illegitimate child, in violation of G.S. 49-2. Upon defendant's demand a jury trial was held 28 May 1956. Defendant was represented by counsel. The jury returned a verdict of guilty. Thereupon judgment was entered imposing a prison sentence which was suspended on these conditions: "1. That he pay into the office of the Clerk of the Court the sum of Twenty Dollars ($20.00) each month for the support of his child, this amount to be paid on or before the 1st day of each month with the first payment due at this time. 2. Defendant pay the cost of this action. 3. That he pay the sum of Ten Dollars ($10.00) in addition to the Twenty Dollars ($20.00) to be applied to the Doctor's bill and this amount to be paid until the Doctor bills are paid."

The Recorder's Court of Caswell County adjourned 28 May 1956 to meet again 4 June 1956. On 31 May 1956 defendant paid into the office of the Caswell County Recorder's Court the amount then due under the suspended sentence entered on 28 May 1956. On 4 June 1956 defendant, through counsel, appeared in the Recorder's Court and for the first time gave notice of appeal. The Recorder's Court held that defendant, having consented to the judgment and partially complied with its terms by the payment of all sums then accrued and owing had waived his right of appeal. It declined to permit the appeal or to transfer the record to the Superior Court. Thereupon defendant applied to the Superior Court for *writ of certiorari.* The writ issued. The Recorder's Court of Caswell County certified the record. The Superior Court, upon the record so certified, adjudged that plaintiff was not entitled to appeal to that court and trial *de novo.* It remanded the record to Caswell County Recorder's Court. Defendant appealed.

*Attorney General Patton and Assistant Attorney General Bruton for the State.*

*Brown, Scurry, McMichael & Griffin and Pemberton & Blackwell for defendant appellant.*

McGuire v. Sammonds.

PER CURIAM. Defendant is concluded by beginning compliance with the terms of the judgment rendered in May 1956. *S. v. Canady*, 246 N.C. 613. G.S. 15-177.1 has no application to the facts of this case.

Appeal dismissed.

---

## WALKER B. McGUIRE v. EULA SAMMONDS

(Filed 11 December, 1957)

**Judgments § 10—**

Judgment by default final may be rendered in an action to recover for personal services rendered upon an express contract to pay sums of money fixed by the terms of the contract and thus capable of being ascertained by computation.

APPEAL by defendant from *Moore (Dan K.), J.*, 3 June, 1957, Term, Schedule "A", Civil Court of MECKLENBURG.

*Wm. H. Abernathy for appellant.*
*Alvin A. London for appellee.*

PER CURIAM. This is a civil action to recover for personal services rendered upon an express contract. The case was heard below upon motion of the defendant to set aside the judgment by default final rendered by the clerk on failure of the defendant to answer or appear or otherwise plead to the complaint within the time allowed by law after service of summons. The ground of the motion is that the judgment is erroneous, for that upon the face of the complaint the plaintiff is not entitled to judgment by default final. The court below found and concluded that the complaint states a cause of action for breach of an express contract to pay sums of money fixed by the terms of the contract and capable of being ascertained by computation.

The ruling below was correct. It will be upheld without elaboration or discussion on authority of the principles explained and applied in *Miller v. Smith*, 169 N.C. 210, 85 S.E. 379; *Thompson v. Dillingham*, 183 N.C. 566, 112 S.E. 321.

Affirmed.