STATE *v.* COOKE.

STATE v. EDWIN COOKE.

(Filed 28 September, 1966.)

1. **Constitutional Law § 37—**

   A defendant may waive certain constitutional safeguards, including the right to trial by jury, either by express consent or by failure to assert such constitutional rights in apt time, or by conduct inconsistent with a purpose to insist upon such rights.

2. **Courts § 7;   Criminal Law § 143—**

   Where, in a prosecution in the recorder's court for wilful failure to support his illegitimate child, defendant complies with the terms of the suspended judgment by making two payments according to its terms, paying the costs of court, and by executing a compliance bond pursuant to the terms of the judgment, he will be deemed to have knowingly and intelligently waived his statutory right to appeal to the Superior Court.

APPEAL by defendant from *Cohoon, J.,* February Mixed Session 1966 of BERTIE.

Defendant was tried at the October Term 1965 of Bertie County Recorder's Court upon warrant charging the defendant with wilful failure to support his illegitimate child, in violation of G.S. 49-2. Defendant entered plea of not guilty. Upon verdict of guilty, judgment was entered imposing an active prison sentence of six months, which was suspended on the following conditions:

"1.   That he pay to the Clerk of Superior Court of Bertie County on or before Dec. 6th, 1965, the sum of $200.00, which shall be paid to Clerk of Superior Court and disbursed to Annie Laura Brown as reimbursement for medical care and hospital expenses incurred in connection with the birth of his child, Angela Brown.

"2.   That he pay into the office of the Clerk of Superior Court of Bertie County this day the sum of $15.00 and thereafter the sum of $15.00 per week before Tuesday of each week, until further order of court. Said sum shall be paid by the Clerk to Annie Laura Brown for the support of the child, Angela Brown.

"3.   That he give a justified bond in the sum of $750.00 for his appearance in court on the first Monday in Oct., 1966; and the first Monday in October each year thereafter until the further order of court to show that he has complied with the terms of that judgment."

Subsequent to imposition of sentence the defendant and his surety executed compliance bond as required by the judgment of the Recorder's Court. He paid the sum of $15.00 then due for the support

of the illegitimate child pursuant to the terms of the suspended sentence. He also paid the court costs to the Clerk of Court. Thereafter, on October 11, he made a payment of $15.00 into the office of the Clerk for support of said child. Defendant was represented by counsel at the time of his trial in Recorder's Court. On 8 October 1965 defendant gave notice of appeal to the Superior Court by mailing said notice, with request for waiver of service, to the Solicitor of the Recorder's Court of Bertie County. The Solicitor did not accept service but forwarded same to the Sheriff of Bertie County for service. On 11 October 1965 said notice of appeal was served. The Judge of Recorder's Court refused to enter order setting appearance bond for defendant to appear in Superior Court; whereupon, defendant gave notice of and filed motion in Superior Court of Bertie County praying that the court grant his appeal.

On 9 February 1966 defendant, with counsel, appeared before Judge Walter W. Cohoon, Judge of Superior Court, at the February Mixed Term of Bertie County Superior Court, when his motion was heard. Judge Cohoon entered his finding that defendant had waived his right of appeal, denied defendant's motion, and remanded the case to Recorder's Court.

Defendant appealed.

*Attorney General Bruton and Staff Attorney Vanore for the State.*
*Mitchell & Murphy for defendant.*

BRANCH, J. "No person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful persons in open court. The Legislature may, however, provide other means of trial, for petty misdemeanors, with right of appeal." Article 1, Section 13, North Carolina Constitution.

Neither appellant nor appellee controverts the fact that right of jury trial is granted by Article I, Section 13 of the North Carolina Constitution. Nor is it controverted that the defendant filed a notice of appeal within the time allowed by statutes controlling the Recorder's Court of Bertie County.

The question squarely presented is: Did the defendant waive his right of appeal?

"In *S. v. Hartsfield*, 188 N.C., p. 360, it is said: 'It is the general rule, subject to certain exceptions, that a defendant may waive the benefit of a constitutional as well as a statutory provision. Sedgewick Stat. and Const. Law, p. 111. And this may be done by express consent, by failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it. *S. v. Mitchell*, 119 N.C. 784.' *S. v. Berry*, 190 N.C. 363.

"In *S. v. Everitt,* 164 N.C. 399, this Court said: 'Where a defendant submits or is convicted of a criminal offense and is present when the judge, in the exercise of his reasonable discretion, suspends judgment upon certain terms, and does not object thereto, he is deemed to have acquiesced therein, and may not subsequently be heard to complain thereof; and in proper instances it will be presumed that the court exercised such discretion.' *S. v. Tripp,* 168 N.C. 153; *S. v. Hardin,* 183 N.C. p. 815." *S. v. Lakey,* 191 N.C. 571, 132 S.E. 570.

In the case of *State v. Canady,* 246 N.C. 613, 99 S.E. 2d 776, our Court held that where suspended sentence is entered and defendant does not except or give notice of appeal during the term, but complies with certain of the terms of suspension, he waives his right to appeal and may not thereafter appeal, even though written notice of appeal is served within ten days from the adjournment of the term.

In the case of *State v. Hairston,* 247 N.C. 395, 100 S.E. 2d 847, our Court stated, *per curiam,* that where defendant evidences his consent to a suspended sentence by making payments in the court in accordance with the terms of the suspension, he waives his right of appeal.

In the instant case the defendant complied with the judgment of the Recorder's Court by making two payments according to the terms of the judgment entered, by paying the costs of court, and by executing a compliance bond pursuant to the terms of the judgment. He was represented by counsel.

By his actions the defendant is deemed to have knowingly and intelligently waived his statutory right of appeal to the Superior Court.

Affirmed.