STATE OF NORTH CAROLINA v. BILLIE RAY VESTAL

No. 7721SC457

(Filed 7 December 1977)

**Criminal Law §§ 18, 150.1— compliance with district court judgment—waiver of right to appeal**

　　A defendant who voluntarily appeared without counsel in the district court waived his statutory right of appeal to the superior court when he complied with the judgment of the district court by paying a fine and court costs. G.S. 7A-290.

APPEAL by defendant from *Albright, Judge.* Judgment entered on 28 April 1977 in Superior Court, FORSYTH County. Heard in the Court of Appeals on 19 October 1977.

Defendant was charged with operating a motor vehicle on a public vehicular area at a speed of 67 m.p.h. in a 55 m.p.h. zone. Defendant, who was not represented by counsel, pled not guilty and the case was tried in district court. The court found defendant guilty and ordered him to pay a fine of $10.00 plus costs. Defendant immediately complied with the order. Within 10 days after the entry of judgment, defendant gave notice of appeal to the superior court.

In the superior court the state moved to dismiss the appeal on the ground that defendant had waived his right to appeal by complying with the judgment of the district court. From an order dismissing the appeal, defendant appealed to this Court.

*Attorney General Edmisten by Assistant Attorney James Peeler Smith for the State.*

*Michael R. Greeson, Jr., for the defendant appellant.*

HEDRICK, Judge.

Defendant contends that his compliance with the judgment of the district court did not constitute a knowledgeable waiver of his right of appeal.

A defendant's right to appeal from an adverse ruling in the district court is provided in G.S. 7A-290 as follows: "Any defendant convicted in district court before the judge may appeal to the superior court for trial de novo. Notice of appeal may be given

orally in open court, or to the clerk in writing within 10 days of entry of judgment."

In *State v. Cooke*, 268 N.C. 201, 150 S.E. 2d 226 (1966), the defendant was tried and convicted in Recorder's Court for failure to support his illegitimate child. Judgment was entered and a six month prison sentence imposed which was suspended upon certain conditions. Defendant, who was represented by counsel, paid the costs of court and made a payment to the clerk for the support of the child pursuant to one of the conditions. Subsequently, within the statutory time limit, defendant gave notice of appeal to the superior court. After a hearing in the superior court, the judge dismissed the appeal on the ground that the defendant had waived his right to appeal. The Supreme Court affirmed, citing several cases as authority for the proposition that "where defendant evidences his consent to a suspended sentence by making payments in the court in accordance with the terms of the suspension, he waives his right of appeal." *State v. Cooke, supra* at 203, 150 S.E. 2d at 228.

Defendant argues that *Cooke* is distinguishable in that the defendant in that case was represented by counsel throughout the proceedings. In the present case the defendant admits that he could have afforded to hire an attorney to represent him in the district court but thought it unnecessary. When a defendant makes a voluntary and knowledgeable decision to represent himself he must be deemed to know the law which will govern the trial of his case and he must be expected to conduct himself in accordance with the rules established by the courts and legislature of this state. To accept his later claim of ignorance of the law would frustrate the policies of the rules of procedure which are so important to the orderly administration of justice. Thus, in our opinion, the defendant in the present case, who undertook to represent himself, was governed by the same law as the defendant represented by counsel in *Cooke*; and by acquiescing in the terms of the judgment of the district court, he waived his statutory right of appeal to the superior court. In fact when the defendant complied with the judgment of the district court by paying the fine and costs, there was nothing left from which an appeal could be taken.

Affirmed.

Judges BRITT and MARTIN concur.