Deutsch v. Fisher

———————————

ROBERT DEUTSCH, ANCILLARY ADMINISTRATOR OF THE ESTATE OF JERRY E. BEDDINGFIELD, DECEASED v. ELSIE FISHER, INDIVIDUALLY, ELSIE FISHER, ADMINISTRATRIX OF THE ESTATE OF FORREST FISHER, DECEASED

No. 7829DC142

(Filed 2 January 1979)

**1. Pleadings § 34; Rules of Civil Procedure § 25— substitution of parties upon death — supplemental pleadings**

   The trial court properly permitted the substitution of administrators for the deceased parties by supplemental pleadings.

**2. Trial § 4— no dismissal for failure to prosecute**

   The trial court did not err in failing to dismiss an action instituted in 1966 for failure to prosecute where both parties to the action died; there has been

much activity in the case since 1973, slightly more than two years after the death of the original defendant; and defendant administratrix has lost no defense because of the passage of time. Furthermore, dismissal was not required under the doctrine of laches.

**3. Rules of Civil Procedure § 25— motion to abate after judgment**

A motion to abate under G.S. 1A-1, Rule 25(c) after the case had been tried and judgment rendered was properly denied.

**4. Parties § 3.1; Vendor and Purchaser § 5— contract to sell land—specific performance—joinder of deceased seller's heir**

The "widow and sole heir at law" of the deceased defendant was properly made a party to an action for specific performance of a contract to sell land.

APPEAL by defendant from *Gash, Judge.* Orders entered 9 January 1978, District Court, HENDERSON County. Heard in the Court of Appeals 14 November 1978.

On 7 February 1966, Jerry E. Beddingfield instituted an action against Forrest Fisher seeking specific performance of a contract for the sale of land. Fisher timely answered, denying that he had entered into a contract with plaintiff and affirmatively asserted that he was without sufficient mental capacity to enter into a binding contract at the time he was alleged to have signed a paper writing, and if he signed it as alleged, he did so by reason of undue influence exerted upon him by the plaintiff. This answer was filed on 3 January 1967.

On 18 July 1967, an order was entered allowing defendant's counsel to withdraw, and he was relieved of any further responsibility in the matter.

On 21 July 1968, plaintiff Jerry Beddingfield, died intestate, a resident of Virginia. Dolores Beddingfield qualified as the administratrix of his estate, and, upon her death, Larry and Pamela Beddingfield were qualified as administrators. No ancillary administrator was appointed in North Carolina.

On 11 March 1969, Forrest Fisher, defendant, died intestate, a resident of Henderson County. Elsie Fisher, his widow and sole heir at law, qualified as administratrix of his estate, and filed her final account as such on 2 April 1971.

The lawsuit lay completely dormant until 2 May 1973, when it was transferred from the old county court to the newly created district court.

On 8 May 1973, Don Garren, an attorney, moved the court that the complaint be amended to include the names of Larry and Pamela Beddingfield "as plaintiffs in the title" of the action and Elsie Fisher "as defendant in the title". The record is silent as to the party whom Mr. Garren represented. An order was entered allowing the motion, without notice having been given any party to the action.

On 5 July 1973, Elsie Fisher moved to dismiss pursuant to Rule 41 upon the ground that she had had no notice of the 8 May 1973 motion.

On 26 November 1973, Robert Deutsch qualified in Henderson County, as ancillary administrator of the estate of Jerry Beddingfield.

On 7 December 1973, an order was entered by the clerk directing that the Fisher estate be reopened and that Elsie Fisher continue to serve as administratrix thereof. Elsie Fisher objected and noted an appeal to the Superior Court.

On 10 December 1973, in response to another motion by Don Garren, an order was entered directing that Deutsch, ancillary administrator, be made a party plaintiff and that Fisher, administratrix be made a party defendant and that the complaint be amended accordingly.

The case was tried in March 1975, resulting in a jury verdict for plaintiff. On 10 March 1975, an order was entered appointing Don Garren as commissioner to convey the property to plaintiff upon the payment of the contract price of $6500.

On 19 March 1976, Elsie Fisher moved: (1) that Elsie Fisher, administratrix, and Robert Deutsch, ancillary administrator, be made parties defendant and plaintiff respectively, (2) that the action of the substituted plaintiff be dismissed for failure to prosecute since the death of the original plaintiff and the death of the original defendant, (3) that the judgment of 10 March 1975 granting specific performance be vacated and set aside because Elsie Fisher had never been made a party, (4) that the action abate, and (5) that a permanent injunction be issued enjoining the heirs at law of Jerry Beddingfield and the substituted plaintiff for prosecuting this action. All motions were denied, and Elsie Fisher appealed to this Court.

Opinion in that appeal is reported in 32 N.C. App. 688, 233 S.E. 2d 646 (1977). We held that the judgment of 10 March 1975 must be vacated and set aside because the provisions of G.S. 1A-1, Rule 25(a) had not been followed, the Court noting that even if it could be assumed that the attempt to substitute parties *was* by supplemental pleading, the provisions of G.S. 1A-1, Rule 15(d), requiring that the service of supplemental pleadings be "upon reasonable notice and upon such terms as are just," had not been followed.

On 12 August 1977, the court entered an order reciting that the matter had come on to be heard subsequent to the opinion of this Court; that it had considered an oral motion of counsel for Fisher, administratrix, that a hearing be had pursuant to Rule 15(d) to "determine if either Robert Deutsch as Ancillary Administrator of the Estate of Jerry E. Beddingfield or Elsie Fisher as Administratrix of the Estate of Forrest Fisher should be permitted to serve supplemental pleadings;" that "Robert Deutsch and Elsie Fisher, as Administrators, are proper persons to make a motion to be made parties through supplemental pleadings". The court ordered that the 10 March 1975 judgment be vacated and set aside; that the notice of lis pendens filed on 8 May 1973 by Don Garren be set aside with proper notations by the clerk; that the lis pendens filed 12 April 1976 by James Coleman, "Attorney for defendant" be cancelled and set aside with proper notations to be made by the clerk; that the motion pursuant to Rule 15(d) of James Coleman be set for hearing on 24 August 1977 at 2 o'clock p.m.; and that any other pending motions be heard at that time.

The hearing thus set was continued to 25 August 1977. On that date counsel for Robert Deutsch, ancillary administrator, filed a "motion for supplemental pleadings and supplemental complaint" asking that "Robert Deutsch, Administrator of the Estate of Jerry E. Beddingfield be made a proper substituted party to this Cause of Action and adopt said complaint as plaintiffs (sic) and allow this action to be continued by the substituted party as the real party in interest." By the motion, the court was also asked to order that "Elsie Fisher, Administratrix of the Estate of Forrest Fisher be substituted as the defendant and as the real party in interest in this Cause of Action and allow this action to be continued against the substituted party, Elsie Fisher, Administratrix of the Estate of Forrest Fisher, deceased."

Nothing further appears in the record until 9 January 1978 at which time two orders were filed and a supplemental complaint. One order recited that the court, on 25 August 1977, considered the motion filed by Arthur J. Redden, Jr., "representing the heirs of Jerry E. Beddingfield, deceased" requesting that he be allowed to file a supplemental complaint and that the "Judgment of the Court of Appeals has been complied with" by the court. The court found as facts: that Fisher, administratrix, was present, offered evidence, and was represented by counsel; that the parties "that are requested to be made additional parties are the proper Parties to have a cause of action and defend this cause of action"; that both Deutsch, administrator, and Fisher, administratrix, are "proper persons to make a Motion to Supplemental Proceedings or Supplemental Complaint"; that none of the parties, as a result of the lapse of time, has lost any "defenses or counterclaims"; that both Deutsch, administrator, and Fisher, administratrix, had reasonable notice of the hearing and were represented by counsel. The court concluded that "it would be just to allow said parties to file a supplemental complaint", and ordered that Deutsch, administrator, be allowed 15 days from the date of the judgment to file a supplemental complaint and Fisher, administratrix, be allowed 30 days in which to file an answer thereto.

Supplemental complaint was filed the same day. Thereupon the court entered an order making Deutsch, administrator, a party plaintiff and Elsie Fisher, individually, and Elsie Fisher, administratrix, parties defendant.

Appeal entries dated 10 January 1978 show that the "defendant Elsie Fisher, Administratrix of the Estate of Forrest Fisher, Deceased, has given due notice in apt time of appeal to the North Carolina Court of Appeals".

*Arthur J. Redden, Jr., for plaintiff appellee.*

*James C. Coleman for defendant appellant.*

MORRIS, Chief Judge.

This procedural quagmire can be aptly likened to the fabled Serbonian bog. Step by step extrication is difficult, if not virtually impossible. We shall, therefore, discuss the questions raised by appellant in the order discussed in her brief.

It is appellant's position, by her first assignment of error, that this Court, in its previous opinion, in effect granted not only the motion to vacate and set aside the judgment of 10 March 1975, but, in addition, held that the action should be dismissed "because of the failure to comply with the Rules of Civil Procedure as well as the long delay in prosecuting the action". We do not so interpret the opinion. Appellant relies on the following paragraph from that opinion:

> "In the case at bar, we note that substitution was attempted on May 8, 1973, more than four years after the death of the original parties. However, the record fails to reveal any findings by the trial judge as to whether this or any other factor was ever considered in determining whether the supplemental pleading was 'just'."

This statement was, of course, referring to an assumption for the purpose of argument only that the attempt to substitute parties was by supplemental pleading. However, at the August hearing defendant, Elsie Fisher, administratrix, offered evidence tending to show that counsel for her husband, the original defendant, died in March of 1970 (having withdrawn from the lawsuit in July, 1967); that the file in his office contained only a copy of the complaint, a copy of the answer, and some letters from counsel to original defendant with respect to the possibilities of settlement; that counsel's partner knew nothing about the lawsuit and particularly had no knowledge with respect to the affirmative defenses; that Elsie Fisher was not familiar with the affirmative defenses; that Elsie Fisher had only one conversation with counsel and that was when he asked her to sign a deed advising that he could get her more money; that she refused; that he never asked her about her husband's mental capacity.

[1] The court found that none of the parties had lost any "defenses or counterclaims" which he or she might have had; that both Deutsch, administrator, and Fisher, administratrix, had reasonable notice of the hearing; and that to allow movant to file a supplemental pleading "would be just in this cause of action".

We note that in the order of 12 August 1977, the court recited that James C. Coleman, attorney for Elsie Fisher, ad-

ministratrix, orally moved that the court hold a hearing for the purpose of determining whether either Deutsch or Fisher should be permitted to serve supplemental pleadings, and the court set 24 August 1977 as the time for hearing that motion. At the hearing, Deutsch filed a written motion. The court, in its order, noted that both were proper parties to make the motion, that reasonable notice was given, and it "would be just to allow said *parties* to file a supplemental complaint". We note also that by written motion dated 19 March 1976, Elsie Fisher requested that Deutsch, administrator, and Fisher, administratrix, be made parties to the action.

We cannot discern how appellant can, in good conscience claim that she had no notice that the motion to allow supplemental pleadings would be heard.

[2]   Nor can we agree that this Court indicated that the action should be dismissed for failure to prosecute. It is true that a long period of time has elapsed since the action was instituted. However, there has been much activity in the case since early in 1973, slightly more than two years after the death of the original defendant. It is also to be noted that the original plaintiff died in 1968, the first administratrix of his estate died, and successors were appointed. There is no evidence that defendant has lost any defenses. It would seem that she, better than anyone else, would be cognizant of her husband's mental capacity and would know those who could testify with respect thereto. In any event, we find nothing in the record before us which would indicate that the present plaintiff should not be allowed to prosecute the action. It may well be that a lapse of over seven years without some action taken by a plaintiff would require the application of the doctrine of laches. However, we are not willing to require its application in the very peculiar circumstances of this case. Appellant's first assignment of error is overruled.

By her second assignment of error appellant contends that her motion for dismissal, under Rule 41(b), filed 19 March 1976 should have been allowed. The motion was based on laches. The parties have filed a stipulation that this motion was orally denied by the court at the 25 August 1977 hearing, but the denial was not included in the order. Prior discussion is applicable, and this assignment of error is overruled.

[3]   Appellant next contends that her motion for abatement should have been granted. Again it is stipulated that the motion was denied by the court on 25 August 1977, but the denial was not included in the court's order. The motion to abate was dated 19 March 1976, after the case had been tried and judgment rendered. Appellant relies on G.S. 1A-1, Rule 25(c).

> "(c) *Abatement ordered unless action continued.* — At any time after the death, insanity or incompetency of a party, the court in which an action is pending, upon notice to such person as it directs and upon motion of any party aggrieved, may order that the action be abated, unless it is continued by the proper parties, within a time to be fixed by the court, not less than six nor more than 12 months from the granting of the order."

It is obvious this section is not applicable to this situation.

Appellant also urges that her motion, included in the above referred to motion, that "the parties plaintiff and alleged parties plaintiff and heirs at law of Jerry E. Beddingfield be forever enjoined from prosecuting this lawsuit" should have been allowed. This is also a subject of the stipulation that the court failed to include in its order the denial of this motion. Appellant again argues laches and further says: "Injunctive relief has long been available in North Carolina to enjoin civil actions instituted repeatedly on the same cause of action against the same defendants and, that is exactly the situation we have in this case. Robert Deutsch as Ancillary Administrator has constantly been initiating new actions on the same case (sic) of action since 1973 and, if injunctive relief is not granted, he will no doubt institute additional actions on the same cause of action." Assuming appellant's correctness as to the law stated, this record is completely barren of any indication of any kind that the present plaintiff has instituted any action other than the one before us or that he will do so. This assignment of error is without merit and overruled.

By her fifth assignment of error appellant challenges the order of the court allowing Robert Deutsch, as ancillary administrator, to file a supplemental complaint. Here the appellant again argues notice and whether it would be just to allow appellee to file a supplemental complaint. We have previously

discussed both these questions. It is not necessary to do so again. Suffice it to say, the assignment of error is overruled.

[4]    The sixth assignment of error is directed to the court's action in making Robert Deutsch, ancillary administrator, Elsie Fisher, individually, and Elsie Fisher, administratrix, parties to the action. The same reasons are advanced and have been answered. Additionally, appellant takes the position that since Elsie Fisher, individually, was not an original party, she should not now be made a party, particularly in view of the fact that there is no allegation that she signed a contract to convey the land. We simply point out that in the case reported in 32 N.C. App. 688, 233 S.E. 2d 646 (1977), and in the statement of facts presented by appellant, it is said that Elsie Fisher is the "widow and *sole heir at law*" of the original defendant. This assignment is overruled.

No new or additional argument is presented by the remaining two assignments of error, and the questions raised have been answered previously in this opinion. These assignments of error are also overruled.

We have not called to the attention of counsel for the parties all of the many procedural deficiencies existing, because, in our view, the trial court has reached the right result. To set out *in seriatim* the deficiencies and remand the case for their correction would be an exercise in futility and would only result in additional expense to the litigants. The law is not required to be that impractical.

Affirmed.

Judges HEDRICK and MARTIN (Harry C.) concur.