ROBERT K. BARBEE v. WALTON'S JEWELERS, INC.

No. 784SC570

(Filed 17 April 1979)

**Rules of Civil Procedure §§ 6, 41— failure to prosecute claim—dismissal—order signed out of session**

   The trial court properly dismissed plaintiff's claim where plaintiff failed to appear and prosecute his claim and offered no reason as to why he did not appear, and the trial court did not err by signing the order in question out of session.

APPEAL by plaintiff from *Brown, Judge.* Judgment entered 22 April 1978 in Superior Court, ONSLOW County. Heard in the Court of Appeals 8 March 1979.

Plaintiff filed his complaint alleging that he delivered his gold, antique American Waltham Lady's pendant watch to defendant to repair and clean and that defendant failed to return the watch to him. Defendant answered, alleging that the inner movement of the watch was not returned, because it was lost in transit on return from Waltham Watch Company of New York to defendant. The gold case of the watch was returned to plaintiff, and the value of the movement of plaintiff's watch was $50.00 and not $10,000.00 as plaintiff alleged.

When the case was called for trial at the 28 March 1978 Civil Session of Superior Court, neither plaintiff nor his attorney appeared to go forward with his case. Plaintiff did not make a motion to continue his case. The trial court entered an order that plaintiff's case be dismissed with prejudice by order filed on 26 April 1978. Plaintiff appealed.

*Fred W. Harrison, for plaintiff appellant.*

*Warlick, Milsted, Dotson & McGlaughon, by Marshall F. Dotson, Jr., for defendant appellee.*

ERWIN, Judge.

Plaintiff contends that the following question is present on appeal: "Did the Court err by signing the Order of Dismissal out-of-Term, out-of-District and out-of-County?" We have carefully reviewed the record on appeal, and from such, we cannot deter-

mine where the order in question was signed. The parties have not stipulated that the order was signed out of the county and out of the district. In view of the record, we have determined that the only question raised by this record is: Did the trial court err by signing the order in question out of session? We answer, "No."

Plaintiff states that this case "was on the Trial Calendar for trial at the March 28, 1978 Term of the Onslow County Superior Court. Neither Plaintiff nor his counsel were in Court. Defendant and his counsel were in Court and ready for trial." We note that defendant had one witness present from Waltham Watch Company of New York City, a material witness for defendant. We also note that plaintiff did not make any motions for appropriate relief pursuant to G.S. 1A-1, Rule 60, of the Rules of Civil Procedure, which better practice would require in this event. Plaintiff has not offered any reason whatsoever as to why he did not appear at the trial of his case.

G.S. 1A-1, Rule 6(c), of the Rules of Civil Procedure provides:

"(c) *Unaffected by expiration of session.*—The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the continued existence or expiration of a session of court. The continued existence or expiration of a session of court in no way affects the power of a court to do any act or take any proceeding, but no issue of fact shall be submitted to a jury out of session."

We find no error in Judge Brown's signing the order in question out of session. This falls within the authority granted by the above rule.

The order recites that defendant, in open court, moved, under Rule 50(b) of the Rules of Civil Procedure, that the plaintiff's action be dismissed for failure of the plaintiff to appear and prosecute his claim. The motion in question should have been made under Rule 41(b) of the Rules of Civil Procedure. We will consider the motion for dismissal in this case as having been entered pursuant to Rule 41(b). *See Hamm v. Texaco Inc.*, 17 N.C. App. 451, 194 S.E. 2d 560 (1973), and *Pergerson v. Williams*, 9 N.C. App. 512, 176 S.E. 2d 885 (1970).

Plaintiff contends that:

" '[D]ismissal is proper only when it has been shown that the Plaintiff intentionally delayed the progress of the action to its conclusion.' The record is silent as to why the plaintiff was not in Court; and there is no Finding of Fact in the Order of Dismissal that indicates that the Plaintiff intentionally delayed the Court."

This Court held in *Green v. Eure, Secretary of State*, 18 N.C. App. 671, 672, 197 S.E. 2d 599, 601 (1973):

"Dismissal for failure to prosecute is proper only where the plaintiff manifests an intention to thwart the progress of the action to its conclusion, or by some delaying tactic plaintiff fails to progress the action toward its conclusion. 5 Moore's Federal Practice, Paragraph 41.11[2].

In the instant case plaintiff's failure to proceed did not arise out of a deliberate attempt to delay, but out of misunderstanding. Plaintiff assumed that upon filing the action, it would be calendared by the Clerk of Superior Court of Wake County and the Wake County Calendar Committee as provided by Rule 2 of the General Rules of Practice for the Superior and District Courts."

Judge Brown found the following facts:

"3. That the two other cases in which Mr. Harrison appeared were taken off of the tentative trial calendar by the calendar committee at the request of the attorneys for the parties but no request was made to remove the above case from said calendar; that a final trial calendar was prepared and mailed to the attorneys of record on Friday, March 3, 1978, and that the instant case appeared as the first case on Tuesday of the second week (March 28, 1978) of said trial calendar; and,

4. That the plaintiff nor his counsel has made any request to the Court to have this matter continued prior to the call of the case for trial nor has the plaintiff or his attorney advised the Clerk or this Court, or attorney for the defendant, that plaintiff could not be present for the trial of this action; and. . ."

Plaintiff did not except to any findings of fact or conclusions of law made by Judge Brown, nor did plaintiff elect to make any motions under Rule 60(b). We hold in this case that Judge Brown's order is sufficient to comply with Rule 41(b) in view of the record before us.

Judgment affirmed.

Judges VAUGHN and MARTIN (Harry C.) concur.