LUSK v. CRAWFORD PAINT CO.

[106 N.C. App. 292 (1992)]

CONRAD RAY LUSK v. CRAWFORD PAINT COMPANY; RUSCON COR-
PORATION; GEORGE W. KANE, INCORPORATED; CAROLINA STEEL
CORPORATION

No. 9121SC542

(Filed 19 May 1992)

**Rules of Civil Procedure §§ 3, 4 (NCI3d) — process and complaint —
dismissal for failure to properly and timely issue and
serve — error**

In an action in which the complaint was served eight
months after the summons was served, the trial court erred
by finding that plaintiff had failed to comply with N.C.G.S.
§ 1A-1, Rules 3, 4, and 11 for failure to properly and timely
issue and serve the process and complaint and with Rule 41
for failure to timely prosecute the action. The record clearly
shows that plaintiff did not violate or fail to comply with
the provisions of Rules 3 or 4 in the manner in which he
commenced his action or in the manner in which he accom-
plished service of process upon each defendant. Rules 3 and
4 do not contain a stated requirement as to the time within
which a complaint must be served and it cannot be concluded
that the facts and circumstances of this case rise to the level
of an intent to thwart progress or to implement a delaying
tactic.

**Am Jur 2d, Process § 117.**

APPEAL by plaintiff from order entered 23 January 1991 in
FORSYTH County Superior Court by *Judge James A. Beaty, Jr.*
Heard in the Court of Appeals 6 April 1992.

Plaintiff instituted this personal injury negligence action in
Forsyth County Superior Court against defendants by filing an
Application and Order Extending Time to File a Complaint on
20 April 1990. The record reflects this application and order was
duly approved by the Forsyth County Clerk of Superior Court
and extended the time in which plaintiff could file his complaint
to 10 May 1990. Plaintiff caused to be issued against all defendants
a Civil Summons To Be Served With Order Extending Time To
File A Complaint on 20 April 1990. These summonses were contem-
poraneously issued by the Clerk of Superior Court with plaintiff's
application and order extending time to file his complaint.

LUSK v. CRAWFORD PAINT CO.

[106 N.C. App. 292 (1992)]

Plaintiff filed his complaint along with a Delayed Service of Complaint form on 10 May 1990. Plaintiff alleged in his complaint that he was employed by Piedmont Erection and Rigging Company and, at the time of his injury on 23 April 1987, was working on a job site in Durham County, North Carolina. He alleges in the following pertinent language of his complaint that all defendants were involved with the construction of a building on which plaintiff worked at the Durham County job site:

8. Upon information and belief, [defendant] Kane was the General Contractor for the above-alleged construction project.

9. Upon information and belief, [defendant] Ruscon Corporation contracted to provide architectural and supervisory services on the above-alleged construction project.

10. Upon information and belief, [defendant] Carolina Steel provided material and services pursuant to contract on the above-alleged construction project.

11. [Defendant] Crawford Paint subcontracted to paint the steel superstructure of the building at the above-alleged construction project. Pursuant to that subcontract, Crawford Paint provided the labor of its employees to paint the steel superstructure.

Plaintiff alleges in his complaint that he was severely injured during the course and scope of his employment with Piedmont by slipping on paint overspray on a steel joist and falling twenty-five feet from the joist to the ground. He alleges he suffered severe, disabling and permanent injuries to his legs and back as well as lost wages in excess of $40,000 as a result of this fall. Plaintiff alleges that the proximate cause of his injuries was the combined negligence of the defendants and alleges the following concerning each defendant:

1. **Crawford Paint Company** was negligent in painting the steel superstructure prior to the completion of Piedmont Erection and Rigging of the building, in permitting paint overspray to fall upon the steel joist from which plaintiff fell prior to the completion of the work that plaintiff had to perform for Piedmont and was otherwise negligent in the manner and method in which it performed its work at the construction project.

2. **George W. Kane** was negligent in its instruction and supervision of Crawford Paint in requiring or permitting Crawford Paint to do the negligent acts complained of it herein, in its instruction and supervision of Piedmont in requiring or permitting it to have the plaintiff working on the steel joist from which he fell while the paint overspray posed a danger to plaintiff and was otherwise negligent in its actions and omissions at the construction project.

3. **Ruscon Corporation** was negligent in its instruction and supervision of Crawford Paint in requiring or permitting Crawford Paint to do the negligent acts complained of it herein, in its instruction and supervision of Piedmont in requiring or permitting it to have the plaintiff working on the steel joist from which he fell while the paint overspray posed a danger to plaintiff and was otherwise negligent in its actions and omissions at the construction project.

4. **Carolina Steel Corporation** was negligent in its instruction and supervision of Piedmont in requiring or permitting it to have the plaintiff working on the steel joist from which he fell while the paint overspray posed a danger to plaintiff and was otherwise negligent in its actions and omissions at the construction project.

Plaintiff thereafter served the Civil Summonses To Be Served With Order Extending Time To File A Complaint together with a copy of the Application and Order Extending Time to File A Complaint to each defendant by certified mailing, return receipt requested, on 9 May 1990. The record reveals the following disposition of service to each defendant:

1. **Crawford Paint Company:** The summons and application and order were received on 10 May 1990 by registered agent M.C. Crawford, Jr., at 614 Broome Road in Greensboro, North Carolina.

2. **Ruscon Corporation:** The summons and application and order were received on 11 May 1990 by registered agent R.B. Russell at 149 E. Bay Street in Charleston, South Carolina.

3. **Carolina Steel Coporation:** The summons and application and order were received on 10 May 1990 by registered agent R.H. Davis at 1451 S. Elm Eugene Street in Greensboro, North Carolina.

4. **George W. Kane, Incorporated:** The summons and application and order were received by registered agent Littard H. Mount at 105 S. Mangum Street in Durham, North Carolina. However, the return receipt was not dated. Plaintiff then swore out an Alias and Pluries Summons as to defendant George W. Kane, Incorporated on 18 July 1990, within 89 days of the issue of the original summons. Plaintiff served the alias summons along with a copy of the complaint on defendant Kane by certified mail, return receipt requested on or about 16 August 1990, within 29 days of the issuance of the alias summons. This summons and complaint were received by defendant Kane's registered agent Littard H. Mount at 105 S. Mangum Street in Durham, North Carolina on 17 August 1990.

The record further reveals that a period of eight months elapsed between the time defendants Crawford, Ruscon and Carolina Steel received the summonses and application and order which initiated the action and the time each received a copy of the complaint. Plaintiff served the complaint along with a Delayed Service of Complaint form in the following manner:

1. **Crawford Paint Company:** by certified mail, return receipt requested on 17 January 1991. These documents were received by registered agent M.C. Crawford, Jr., at 614 Broome Road in Greensboro, North Carolina on 22 January 1991.

2. **Ruscon Corporation:** by certified mail, return receipt requested on 17 January 1991. These documents were received by registered agent R.B. Russell at 149 E. Bay Street in Charleston, South Carolina on 22 January 1991.

3. **Carolina Steel Corporation:** by certified mail, return receipt requested on 17 January 1991. These documents were received by registered agent R.H. Davis at 1451 S. Elm Eugene Street in Greensboro, North Carolina on 22 January 1991.

Defendant Kane answered plaintiff's complaint first on 16 October 1990 and included in its answer an array of motions to dismiss plaintiff's complaint under Rule 12(b) of the North Carolina Rules of Civil Procedure. Defendant Kane moved for dismissal on the grounds of lack of jurisdiction, insufficiency of process, insufficiency of service of process and failure to state a claim upon which relief can be granted. Defendant also pled crossclaims against defendants Crawford, Ruscon and Carolina Steel.

LUSK v. CRAWFORD PAINT CO.

[106 N.C. App. 292 (1992)]

Defendant Carolina Steel answered plaintiff's complaint on 21 November 1990 and included in its answer motions to dismiss for insufficiency of process and insufficiency of service of process. Carolina Steel also filed a third-party action against plaintiff's employer Piedmont Erection and Rigging Company and, by separate pleading, answered the crossclaims set out by defendant Kane.

On 3 December 1990, defendant Crawford Paint filed motions to dismiss for insufficiency of process and insufficiency of service of process based on the three-year statute of limitations for negligence actions as set out in G.S. § 1-52 (1990). Defendant Crawford did not answer the allegations in plaintiff's complaint but filed a response to the crossclaims of defendant Kane. Defendant Ruscon filed only an answer to the purported crossclaim or third-party complaint of defendant Carolina Steel on 19 December 1991.

The motions to dismiss of defendants Crawford, Kane and Carolina Steel came on for hearing on 23 January 1991. The trial court allowed defendant Ruscon to make an oral motion to dismiss plaintiff's complaint on the grounds previously asserted by the other defendants. The trial court also allowed all defendants to make oral motions to dismiss pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure and granted all motions to dismiss pursuant to Rules 12 and 41. In its order of dismissal, the trial court set out the following language in separate paragraphs for each defendant as to the grounds on which it granted the motions:

> That for good cause shown and in the Court's sound discretion, the Motion of the Defendant[s] . . . to dismiss pursuant to Rule 12 and Rule 41 is hereby allowed for failure of the Plaintiff to comply with Rules 3,4 and 11 of the Rules of Civil Procedure in failing to properly and timely issue and serve process and the Complaint in this action and based upon the Plaintiff's failure to timely prosecute this action.

The trial court futher dismissed plaintiff's action with prejudice as to all defendants. Plaintiff appeals.

*The Law Office of Herman L. Stephens, by Herman L. Stephens, for plaintiff-appellant.*

*Teague and Rotenstreich, by Stephen G. Teague, for defendant-appellee Crawford Paint Company.*

**LUSK v. CRAWFORD PAINT CO.**

[106 N.C. App. 292 (1992)]

*Smith Helms Mullis & Moore, by Richmond G. Bernhardt, Jr., for defendant-appellee Ruscon Corporation.*

*Petree Stockton & Robinson, by Robert J. Lawing and Jane C. Jackson, for defendant-appellee George W. Kane, Incorporated.*

*Hutchins, Tyndall, Doughton & Moore, by H. Lee Davis, Jr., for defendant-appellee Carolina Steel Corporation.*

WELLS, Judge.

Through his various assignments of error, plaintiff brings forward the questions of (1) whether the trial court correctly found that he had failed to comply with Rules 3, 4 and 11 of the Rules of Civil Procedure for failure "to properly and timely issue and serve process and complaint," and (2) whether the trial court correctly found that plaintiff failed to comply with Rule 41 for "failure to timely prosecute" the action. We answer both questions in the negative and reverse.

The record clearly shows that plaintiff did not violate or fail to comply with the provisions of Rules 3 or 4 in the manner in which he commenced his action or in the manner in which he accomplished service of process upon each defendant. *See* G.S. § 1A-1, Rules 3 and 4 of the Rules of Civil Procedure.

The dispositive question before us is whether plaintiff's action was subject to dismissal for failure to "timely" serve his complaint, and whether the delay of the service of his complaint constituted failure to "timely" prosecute his action.

Rules 3 and 4 do not contain a stated requirement as to the time within which a complaint must be served. In *Childress v. Hospital Authority*, 70 N.C. App. 281, 319 S.E.2d 329 (1984) and *Hasty v. Carpenter*, 40 N.C. App. 261, 252 S.E.2d 274 (1979), this Court has taken the position that the service of the complaint is not a part of "the chain of process" contemplated by Rule 4; thus, following that reasoning, there is no *per se* failure to comply with that rule in this case.

In contrast, in *Smith v. Quinn*, 324 N.C. 316, 378 S.E.2d 28 (1989), our Supreme Court upheld the trial court's dismissal of the plaintiff's action where it appeared that plaintiff's counsel deliberately withheld delivery of the summons to the sheriff so that there would be a delay of eight months in the defendant's

**LUSK v. CRAWFORD PAINT CO.**

[106 N.C. App. 292 (1992)]

learning of the action. The reasoning applied by the Court in that case was that the trial court "properly dismissed plaintiff's action pursuant to Rule 41(b) based upon plaintiff's violation of Rule 4(a) *for the purpose of delay and in order to gain an unfair advantage* [over the defendant]." (Emphasis added.)

This Court has applied a similar standard in *Jones v. Stone*, 52 N.C. App. 502, 279 S.E.2d 13, *disc. review denied*, 304 N.C. 195, 285 S.E.2d 99 (1981) and *Green v. Eure*, 18 N.C. App. 671, 197 S.E.2d 599 (1973), for "failure to prosecute" under Rule 41(b), but with different results. "Dismissal for failure to prosecute is proper only [when] the plaintiff manifests an intention to thwart the progress of the action to its conclusion, or by some delaying tactic plaintiff fails to progress the action towards its conclusion." *Jones, supra, quoting Green, supra.*

We cannot conclude that the facts and circumstances of this case rise to the level of demonstrating an intent to thwart progress or to implement a delaying tactic. There appears to be no demonstrable intent here, but only arguable inadvertence or neglect of counsel.

We deem it appropriate to suggest that this case may demonstrate the need for our Legislature to re-examine the provisions of Rules 3 and 4 with respect to the time requirements for service of the complaint in civil actions.

For the reasons stated, the order of the trial court is reversed and this case is remanded to the trial court for further appropriate proceedings.

Reversed and remanded.

Judges ARNOLD and EAGLES concur.