STEVEN COHEN, Plaintiff v. CHARLES L. McLAWHORN, JR., and McLAWHORN & ASSOCIATES, P.A., Defendants

No. COA09-1578

(Filed 21 December 2010)

**1. Appeal and Error— interlocutory order—substantial right**

Although an appeal from the dismissal of a legal malpractice case may have been from an interlocutory order since the record contained no indication that defendants' counterclaim for legal fees was resolved, a substantial right would have been affected in the absence of an immediate appeal. Further, since no party appealed from a trial judge's order or suggested that it lacked jurisdiction to enter the order, that order returning the case to another trial judge stood and was binding on appeal.

**2. Appeal and Error— preservation of issues—failure to raise at trial**

Although plaintiff contended that the trial court erred by dismissing a legal malpractice action based on defendant's violation of the local rules when calendaring this case for trial, plaintiff failed to preserve this issue by raising it at trial as required by N.C. R. App. P. 10(b)(1).

**3. Civil Procedure— motion to dismiss under Rule 41(b) granted—-failure to prosecute—legal malpractice claim**

The trial court did not abuse its discretion by dismissing plaintiff's legal malpractice action under N.C.G.S. § 1A-1, Rule 41(b) for failure to prosecute. The trial court appropriately considered the three factors in *Wilder*, 146 N.C. App. 574. Given plaintiff's failure to take any action to prosecute this case, his disregard of a properly noticed and calendared trial, the prejudice to defendants of having the allegations pending with no ability to disprove them, and the fact that plaintiff had previously disregarded a mediation order and an official calendar, the trial court's decision to dismiss was not unreasonable.

Appeal by plaintiff from order entered 29 June 2009 by Judge William C. Griffin, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 10 June 2010.

*Mills & Economos, L.L.P., by Larry C. Economos, for plaintiff-appellant.*

*Herrin & Morano, by Mickey A. Herrin, for defendants-appellees.*

GEER, Judge.

· Plaintiff Steven Cohen appeals from the trial court's order dismissing this action pursuant to Rule 41(b) of the Rules of Civil Procedure after plaintiff failed to appear at trial and failed to take any other steps to prosecute the action. Plaintiff does not dispute that the trial court considered the factors set out in *Wilder v. Wilder*, 146 N.C. App. 574, 553 S.E.2d 425 (2001), but argues that the court's conclusions of law as to those factors are not supported by the findings of fact.

Based on our review of the record, we hold that the trial court made sufficient findings based on the evidence to support its conclusions regarding plaintiff's unreasonable delay in prosecuting the action, the prejudice suffered by defendants, and the need for dismissal with prejudice. Accordingly, we affirm the trial court's order dismissing the action with prejudice.

Facts

Plaintiff filed a legal malpractice lawsuit against attorney Charles L. McLawhorn, Jr. and his law firm, McLawhorn & Associates, P.A., on 17 February 2005. The complaint was 11 pages long and attached 12

**COHEN v. McLAWHORN**

[208 N.C. App. 492 (2010)]

exhibits purportedly supporting the complaint's allegations. According to the complaint, plaintiff was the founder and majority shareholder of Internet East, Inc. Defendants represented Internet East in a business dispute that resulted in litigation brought against another company. The complaint alleges that defendants provided negligent legal representation, violated the Rules of Professional Conduct, and did not act in plaintiff's best interests.

On 9 May 2005, defendants filed an answer that included a counterclaim for legal fees in the amount of $30,000.00. Plaintiff did not file any reply to the counterclaim. Subsequently, on 2 June 2005, the trial court entered an order for a mediated settlement conference. The order set a deadline of 1 September 2005 for completion of the settlement conference. A mediation was never held.

Although plaintiff had filed the lawsuit *pro se*, Larry C. Economos —who is representing plaintiff on this appeal—apparently represented plaintiff in some capacity in the case because on 28 September 2005, Mr. Economos filed a motion to withdraw on the grounds that plaintiff had failed to pay legal fees owed for services performed. At that time, plaintiff was incarcerated in a federal prison in Petersburg, Virginia. On 7 October 2005, the trial court allowed the motion to withdraw and ordered that further pleadings and papers be served on plaintiff at the federal prison's address and on Linda Leggett, who held plaintiff's power of attorney.

More than a year after the lawsuit was filed, defendants filed a calendar request asking to schedule the case for a two-day jury trial beginning on 17 April 2006. Defendants served the calendar request along with a notice of hearing on 27 March 2006 by mailing the documents to plaintiff at the address in the court's 7 October 2005 order and to Ms. Leggett, as specified in that order. The trial court administrator subsequently sent a copy of the trial calendar to plaintiff—also at the addresses specified in the 7 October 2005 order—setting this case for trial on 17 April 2006. Plaintiff did not take any action with respect to the upcoming trial date—he did not move for a continuance or a stay or otherwise communicate with the court or defendants regarding the trial.

On 17 April 2006, defendants appeared for trial, but plaintiff did not attend or have anyone present representing him. Judge William C. Griffin, Jr. involuntarily dismissed the action pursuant to Rule 41(b) in an order filed 17 April 2006. The order stated:

**COHEN v. McLAWHORN**

[208 N.C. App. 492 (2010)]

This case appearing on the April 17, 2006, trial calendar for the Pitt County Superior Court and it appearing to the undersigned that the plaintiff received due notice of the calendaring of this case and it further appearing to the court that the plaintiff is not present in court nor represented at the call of the calendar and it further appearing that the defendant, by and through counsel, has moved for a dismissal of this action, the court is of the opinion and finds as a fact that the defendant is entitled to have this action dismissed.

NOW, THEREFORE, pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure this action is hereby dismissed.

Plaintiff did not appeal this order.

On 16 April 2007, a year after the dismissal, plaintiff, represented by Mr. Economos, filed a new action with an identical complaint to the one dismissed by Judge Griffin. Defendants were never served in this second action, although four alias and pluries summonses were issued between May 2007 and February 2008.

On 5 June 2007, plaintiff, through Mr. Economos, filed a Rule 60(b)(6) motion in this action that was heard on the same day with defendants' consent. In his motion, plaintiff primarily argued that Judge Griffin failed to comply with *Wilder*. Plaintiff also argued that because of plaintiff's incarceration and the lack of any prejudice to defendants in waiting for plaintiff's March 2007 release, "sanctions, if any, imposed upon the Plaintiff for failure to appear at calendar call should have been far short of dismissal of his action operating under Rule 41(b) as a dismissal with prejudice." Plaintiff did not attach any supporting affidavits to his Rule 60(b)(6) motion.

Judge Clifton W. Everett, Jr. entered an order on 13 June 2007 directing that the matter be returned to Judge Griffin. In the order, Judge Everett explained:

[T]his Court cannot determine from the face of the Order entered by Judge Griffin on April 17, 2006, whether Judge Griffin addressed those three factors set forth in [*Wilder*] before dismissing the Plaintiff's case for failure to prosecute under Rule 41(b) of the North Carolina Rules of Civil Procedure, it further appear[s] to the Court, with the agreement of all parties, as expressed in open Court, that the ends of justice would best be served by returning the Honorable William C. Griffin, Jr.'s Order dated April 17, 2006, to Judge Griffin for such further entries or modifications, if any,

COHEN v. McLAWHORN

[208 N.C. App. 492 (2010)]

that he may deem appropriate to more fully and accurately reflect his ruling at the time that said Order was entered.

Plaintiff did not, however, take any steps to return the matter to Judge Griffin.

On 29 May 2009, just shy of the two-year anniversary of Judge Everett's order, *defendants' counsel* wrote to Judge Griffin advising him of plaintiff's Rule 60(b)(6) motion and Judge Everett's order that the matter be returned to Judge Griffin. Defendants' counsel included with his letter to Judge Griffin a copy of Judge Everett's order, a copy of plaintiff's Rule 60(b)(6) motion, "material that was in the Court file" as of 17 April 2006 (the date the original order of dismissal was entered), and a proposed amended order of dismissal for Judge Griffin's consideration. All of the materials sent to Judge Griffin were delivered to Mr. Economos on the same day.

Subsequently, on 5 June 2009, Mr. Economos wrote a letter to Judge Griffin, "objecting to the signing of the Amended Order of Involuntary Dismissal" that defendants' counsel had sent to Judge Griffin and setting forth his argument as to why Judge Griffin should not have entered the original order dismissing the case under Rule 41(b). Mr. Economos requested that, as an alternative to Judge Griffin's setting aside the Rule 41(b) dismissal, Judge Griffin schedule a hearing on the matter.

On 29 June 2009, Judge Griffin entered an amended order of involuntary dismissal with detailed findings of fact explaining the basis for the dismissal and conclusions of law following *Wilder*. Plaintiff appealed from this amended order.

I

[1] Although the parties have not addressed the issue, we must first consider whether this Court has jurisdiction over this appeal. Since defendants asserted a counterclaim against plaintiff, and the record contains no indication that the counterclaim was ever resolved—even though plaintiff was in apparent default—this appeal may be interlocutory. The trial court, however, in its order, did not simply dismiss plaintiff's claims, but rather dismissed "the action." This language suggests that the order was intended to dispose of the entire case.

In any event, we hold that a substantial right would be affected in the absence of an immediate appeal. *See, e.g., Crouse v. Mineo,* 189

**COHEN v. McLAWHORN**

[208 N.C. App. 492 (2010)]

N.C. App. 232, 236, 658 S.E.2d 33, 36 (2008) (holding that appeal from dismissal of plaintiffs' claims while counterclaims remained pending was permissible because plaintiffs' claims and counterclaims involved identical issues, creating potential for inconsistent verdicts resulting from separate trials of claims); *Essex Group, Inc. v. Express Wire Servs., Inc.*, 157 N.C. App. 360, 362, 578 S.E.2d 705, 707 (2003) (holding that sanctions order striking answer and entering default judgment against defendants affected substantial right).[1]

Defendants, however, argue that plaintiff is precluded from appealing because he did not appeal the original Rule 41(b) order. Defendants have cited no authority for their argument. Defendants do not contend that the trial court lacked jurisdiction to amend its order; nor have defendants cross-appealed from the amended order. Indeed, it appears from the record that defendants consented to Judge Everett's returning the matter to Judge Griffin for findings of fact and conclusions of law in accordance with *Wilder*.

Since no party has appealed from Judge Everett's order or suggested that he lacked jurisdiction to enter the order, that order returning the case to Judge Griffin stands and is binding on appeal. *See In re J.M.W., E.S.J.W.*, 179 N.C. App. 788, 795, 635 S.E.2d 916, 921 (2006) ("Because the order was not appealed, it is valid and binding in every respect.").[2] As a result, Judge Griffin's amended order superceded his prior order. Since plaintiff timely appealed from the amended order, this appeal is properly before us.

II

[2] Plaintiff first contends that the trial court erred in dismissing the action because defendants violated the local rules when calendaring the case for trial. The record, however, contains no indication that this issue was ever raised below.

---

1. We also note that a dismissal of this appeal as interlocutory would prolong the prejudice to defendants that was the basis for the trial court's order dismissing this action for failure to prosecute.

2. It is also well established that the granting of a Rule 60(b) motion "relieves parties from the effect of [the prior] order." *Charns v. Brown*, 129 N.C. App. 635, 639, 502 S.E.2d 7, 10, *disc. review denied*, 349 N.C. 228, 515 S.E.2d 701 (1998). *See also Van Engen v. Que Scientific, Inc.*, 151 N.C. App. 683, 690, 567 S.E.2d 179, 184 (2002); N.C.R. Civ. P. 60(b) (providing that "the court may relieve a party or his legal representative from a final judgment" for specified reasons). Once Judge Everett granted Rule 60(b)(6) relief, therefore, plaintiff was relieved of the effect of the original order.

COHEN v. McLAWHORN

[208 N.C. App. 492 (2010)]

Under Rule 10(b)(1) of the applicable version of the Rules of Appellate Procedure,[3] in order "to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion." Since it does not appear that plaintiff raised this objection below and, in any event, plaintiff did not obtain a ruling on this objection, he has waived review of this issue on appeal. *See Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjustment*, 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001) ("[I]ssues and theories of a case not raised below will not be considered on appeal[.]").

## III

[3] In *Wilder*, this Court held that a trial judge must address three factors before dismissing an action for failure to prosecute under Rule 41(b): "(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice." 146 N.C. App. at 578, 553 S.E.2d at 428. There is no dispute that, in the amended order, the trial court made conclusions of law addressing each of the *Wilder* factors. Plaintiff, however, contends that these conclusions are not sufficiently supported by appropriate findings of fact.

The standard of review for a Rule 41(b) dismissal is "(1) whether the findings of fact by the trial court are supported by competent evidence, and (2) whether the findings of fact support the trial court's conclusions of law and its judgment." *Dean v. Hill*, 171 N.C. App. 479, 483, 615 S.E.2d 699, 701 (2005). Unchallenged findings of fact " 'are presumed to be supported by competent evidence, and are binding on appeal.' " *Justice for Animals, Inc. v. Lenoir County SPCA, Inc.*, 168 N.C. App. 298, 305, 607 S.E.2d 317, 322 (quoting *Miles v. Carolina Forest Ass'n*, 167 N.C. App. 28, 35, 604 S.E.2d 327, 331 (2004)), *aff'd and modified per curiam*, 360 N.C. 48, 619 S.E.2d 494 (2005).

The trial court addressed the first *Wilder* factor in its first conclusion of law: "The plaintiff has acted in a manner which deliberately or unreasonably delayed the disposition of this case[.]" This conclu-

---

3. Under the recently amended Rules of Appellate Procedure, the former Rule 10(b) is now Rule 10(a). Because plaintiff filed his notice of appeal prior to 1 October 2009, the effective date of the amended rules, we refer to Rule 10(b).

sion is supported by a number of findings of fact, including the following. Plaintiff filed this action on 17 February 2005. Although defendants asserted a counterclaim on 9 May 2005, plaintiff never replied to that counterclaim. Plaintiff also failed to comply with the order requiring a mediated settlement conference by 1 September 2005. Plaintiff's attorney filed a motion for leave to withdraw as counsel for plaintiff and was allowed to do so on 7 October 2005. More than a year after plaintiff filed suit, defendants properly served plaintiff—in accordance with the trial court's order on 7 October 2005—with a calendar request and notice of hearing by mailing the documents to both plaintiff and his power of attorney. When the case was called for trial on 17 April 2006, the civil trial coordinator announced in open court that she had sent the calendar to plaintiff and that the calendar had not been returned as undelivered mail. There was no communication from plaintiff or his representative indicating that plaintiff desired or needed any stay of the proceedings or that he could not or would not attend to the case as any litigant is required to do.

The court pointed out that plaintiff could have filed, in advance of the trial date, a motion to stay the proceedings, a motion to continue the trial, or a voluntary dismissal without prejudice. The court also pointed out that plaintiff could have advised the court in writing or by calling court personnel regarding when he would be released from prison and his availability to go to court. The trial court noted that plaintiff had previous experience as a litigant in the Pitt County courts. Nevertheless, plaintiff exercised none of these alternatives and did not arrange to have any evidence presented when the case was called for trial.

Of these findings, plaintiff first challenges finding of fact 13: that he could have filed a motion to stay the proceedings, a motion to continue the trial, or a voluntary dismissal without prejudice. These procedural avenues recited by the trial court are set out in the Rules of Civil Procedure or are a matter of common trial practice and were potentially available to plaintiff as an alternative to appearing for trial. *See* N.C.R. Civ. P. 40(b) (providing that continuance may be granted for "good cause shown and upon such terms and conditions as justice may require"); N.C.R. Civ. P. 41(a) (providing that plaintiff may dismiss action without prejudice by filing notice of dismissal at any time before plaintiff rests his case); *Lovendahl v. Wicker*, 208 N.C. App. 193, 211, 702 S.E.2d 529, 540 (2010) (defendant moved for stay pending resolution of criminal proceedings); *Barker Indus. v. Gould*, 146 N.C. App. 561, 563, 553 S.E.2d 227, 229 (2001) (trial

court granted 30-day stay of proceedings to enable defendant to retain new counsel).

Although plaintiff argues that this finding of fact was inappropriate because plaintiff was appearing *pro se*, our courts have emphasized that the Rules of Civil Procedure "must be applied equally to all parties to a lawsuit, without regard to whether they are represented by counsel." *Goins v. Puleo*, 350 N.C. 277, 281, 512 S.E.2d 748, 751 (1999). *See also State v. Vestal*, 34 N.C. App. 610, 611, 239 S.E.2d 275, 276 (1977) ("When a defendant makes a voluntary and knowledgeable decision to represent himself he must be deemed to know the law which will govern the trial of his case and he must be expected to conduct himself in accordance with the rules established by the courts and legislature of this state. To accept his later claim of ignorance of the law would frustrate the policies of the rules of procedure which are so important to the orderly administration of justice."). Plaintiff—who does not challenge the finding that he is an experienced litigant in Pitt County—was bound to and presumed to know the rules providing for a stay, continuance, or voluntary dismissal.

Plaintiff further argues that the notion that he could file anything at all is merely speculative since he was incarcerated in federal prison. He repeats this argument in challenging finding of fact 14 in which the trial court stated that plaintiff could have advised the court in writing or by calling court personnel regarding when he would be released from prison and his availability to go to court. Plaintiff does not, however, address the fact that plaintiff had a power of attorney who was also served with all documents and notices and could have acted on his behalf.

In any event, prisoners not only are able to file pleadings and documents with the courts, but they also have a constitutional right to do so. *See Bounds v. Smith*, 430 U.S. 817, 828, 52 L. Ed. 2d 72, 83, 97 S. Ct. 1491, 1498 (1977) (establishing that State was required by federal constitution "to assist inmates in the preparation and filing of meaningful legal papers"). Moreover, *pro se* inmates are held to the same standards as other *pro se* litigants. *See Jones v. Boyce*, 60 N.C. App. 585, 586, 299 S.E.2d 298, 300 (1983) (upholding dismissal pursuant to Rule 41(b) for *pro se* inmate's failure to comply with Rule 8(a)(2) of Rules of Civil Procedure); *see also Perkinson v. Hawley*, 179 N.C. App. 225, 633 S.E.2d 892, 2006 WL 2347653, *2, 2006 N.C. App. LEXIS 1810, *4 (Aug. 15, 2006) (unpublished) ("Because of plaintiff [inmate's] multiple violations of the appellate rules, his appeal

must be dismissed notwithstanding his *pro se* status."), *disc. review denied*, 361 N.C. 429, 648 S.E.2d 843 (2007). Consequently, we hold that the trial court did not err in making findings of fact 13 and 14.[4]

Plaintiff argues that, regardless, none of the findings of fact establish that plaintiff engaged in "a delaying tactic." Under the first *Wilder* prong, however, the plaintiff must have "acted in a manner which deliberately *or unreasonably delayed* the matter." 146 N.C. App. at 578, 553 S.E.2d at 428 (emphasis added). Here, the trial court's findings demonstrate that plaintiff did nothing whatsoever to pursue the case after filing the complaint, he wholly ignored the fact that his case was calendared for trial, and he did not appear or send a representative to attend the trial. Plaintiff, however, quotes *Eakes v. Eakes*, 194 N.C. App. 303, 669 S.E.2d 891 (2008) (quoting *Green v. Eure*, 18 N.C. App. 671, 672, 197 S.E.2d 599, 600-01 (1973)), for the principle that a plaintiff has to " 'manifest[] an intention to thwart the progress of the action to its conclusion, or by some delaying tactic . . . fail[] to progress the action toward its conclusion,' " and contends that his conduct in this case did not rise to the level necessary under the first prong of *Wilder*.

This Court rejected a similar argument in *Barbee v. Walton's Jewelers, Inc.*, 40 N.C. App. 760, 253 S.E.2d 596, *disc. review denied*, 297 N.C. 608, 257 S.E.2d 435 (1979). In *Barbee*, the plaintiff, relying on *Green*, 18 N.C. App. at 672, 197 S.E.2d at 601, pointed out that the record was silent as to why the plaintiff was not in court for trial and that there was no finding of fact in the order of dismissal that indicated the plaintiff intentionally delayed the proceedings. 40 N.C. App. at 762, 253 S.E.2d at 598. The plaintiff argued that his failure to proceed did not arise out of a deliberate attempt to delay, but out of a misunderstanding. *Id.* This Court, however, observed that the plaintiff had not challenged the trial court's findings that a final trial calendar was prepared and mailed to the attorneys of record, that neither the plaintiff nor his counsel made any request to have the matter continued prior to the call of the case for trial, and that neither

---

4. We are not persuaded by plaintiff's suggestion that because the trial court denied his request for a hearing before entering the amended order, "it remains unknown whether the Plaintiff, being incarcerated at the time, actually received the Defendant's Calendar Request or Notice of Hearing prior to 17 April 2006." Plaintiff has not specifically challenged on appeal the trial court's decision not to hold a hearing when plaintiff had not, in two years, followed through on Judge Everett's order that the matter be referred back to Judge Griffin. We note further that plaintiff did not at any time over the three-year period between the initial dismissal and the entry of the amended order ever file an affidavit or make any other written suggestion that he did not receive the notices.

the plaintiff nor his attorney advised the clerk or defense counsel that the plaintiff could not be present for the trial. *Id.* Given those findings of fact, the Court held that the trial court's order was sufficient under Rule 41(b), and the Court affirmed the dismissal. *Id.* at 763, 253 S.E.2d at 598. This case is materially indistinguishable from *Barbee.*

Plaintiff's reliance on *Eakes* and *Lusk v. Crawford Paint Co.*, 106 N.C. App. 292, 416 S.E.2d 207 (1992), *disc. review improvidently allowed*, 333 N.C. 535, 427 S.E.2d 871 (1993), is misplaced. In *Eakes*, the plaintiff contended that the trial court erred in *denying* her motion to dismiss for the defendant's failure to prosecute. 194 N.C. App. at 308, 669 S.E.2d at 895. In holding that the trial court's decision was not an abuse of discretion, this Court pointed out that the trial court had found that (1) although considerable time had passed since the defendant filed his motion to show cause, the file indicated that numerous other issues had since been addressed in an attempt to ready the issue for hearing, and (2) the plaintiff had not in fact been prejudiced, and the defendant had not sought to delay the hearing to prejudice the plaintiff or for any other improper purpose. *Id.* at 309, 669 S.E.2d at 895-96. *Eakes* is simply not pertinent to this case, in which the trial court ordered a dismissal when defendants were prejudiced by plaintiff's taking no action after filing the complaint.

In *Lusk*, although the plaintiff timely served summonses on the defendants, he did not serve the complaint until eight months later. This Court stated that "[t]he dispositive question before us is whether plaintiff's action was subject to dismissal for failure to 'timely' serve his complaint, and whether the delay of the service of his complaint constituted failure to 'timely' prosecute his action." 106 N.C. App. at 297, 416 S.E.2d at 210. After pointing out that the Rules of Civil Procedure do not specify a time within which a complaint must be served, the Court noted that our Supreme Court held in *Smith v. Quinn*, 324 N.C. 316, 378 S.E.2d 28 (1989), that a trial court could properly dismiss an action when the plaintiff's counsel deliberately withheld delivery of a summons so that the defendant would not learn about the action for eight months. *Lusk*, 106 N.C. App. at 297, 416 S.E.2d at 210. Because the Court, in *Lusk*, could not conclude that the failure to serve the complaint was intentional, but rather the circumstances showed "only arguable inadvertence or neglect of counsel," the Court reversed the order dismissing the action for failure to prosecute. *Id.* at 298, 416 S.E.2d at 210.

Here, in contrast to *Lusk*, we are not talking about a delay in performing a single task. Instead, plaintiff did absolutely nothing to

prosecute his case over more than a year's time, and, then, when defendants calendared the trial in order to have the case resolved, plaintiff ignored the trial. Under *Wilder*, the trial court could properly find that this inaction constituted "unreasonably delay[ing] this matter." 146 N.C. App. at 578, 553 S.E.2d at 428. We also hold that such a wholesale failure to prosecute can constitute a delaying tactic. Accordingly, the trial court's findings are sufficient to support the court's conclusion of law regarding the first *Wilder* factor.

We next turn to the second *Wilder* factor, which addresses the amount of prejudice, if any, to defendants. *Id.* In its amended order, the trial court concluded: "The defendant [sic] has been prejudiced by the delay caused by the plaintiff in that his [sic] professional competence has been impugned by the unsubstantiated and unproven allegations contained in the Complaint, which is a document of public record available to the general public[.]"

Pertinent to this factor, the trial court found that plaintiff's lawsuit alleged "that the defendants undertook to represent the plaintiff in certain legal matters and that the defendants were negligent in their representation of the plaintiff, causing damages to the plaintiff[.]" In finding of fact 12, the court further found: "The defendant [sic] is a practicing attorney who would have a desire and a need for this Complaint alleging legal malpractice against the defendant [sic] to move along in an expeditious manner through the Court system and would likely suffer unwarranted damages to his professional reputation and to his business so long as the lawsuit remained pending yet unresolved[.]"

We believe that these findings are sufficient to support the determination that defendants were prejudiced by plaintiff's failure to prosecute. Plaintiff, however, argues that finding of fact 12 "is nothing more than an inappropriate finding suggesting that because the Defendant is an 'attorney' he is entitled to special consideration." We disagree. The focus in finding of fact 12 and the trial court's conclusion of law based on that finding is on the damage done to defendants in their profession or business as a result of the inability to have the claims of professional negligence and unethical behavior resolved.

North Carolina has long recognized the harm that can result from false statements that "impeach a person in that person's trade or profession"—such statements are deemed defamation *per se. Renwick v. News & Observer Publ'g Co.*, 310 N.C. 312, 317, 312 S.E.2d 405, 409, *cert. denied*, 469 U.S. 858, 83 L. Ed. 2d 121, 105 S. Ct. 187 (1984). The

mere saying or writing of the words is presumed to cause injury to the subject; there is no need to prove any actual injury. *Barker v. Kimberly-Clark Corp.*, 136 N.C. App. 455, 460, 524 S.E.2d 821, 825 (2000). This Court has already held that a statement describing a lawyer as incompetent "degrades plaintiff's legal ability and disgraces him in his capacity as an attorney. *Such imputations tend to prejudice plaintiff in his livelihood." Clark v. Brown*, 99 N.C. App. 255, 261, 393 S.E.2d 134, 137, *disc. review denied*, 327 N.C. 426, 395 S.E.2d 675 (1990) (emphasis added).

Here, defendants could clear their name from plaintiff's allegations of professional incompetence and unethical behavior only by having the case resolved on the merits. After plaintiff took no action to pursue his claims for more than a year, defendants requested that the trial court schedule the case for trial. That attempt to have the allegations resolved was thwarted by plaintiff's complete disregard of the scheduled trial. We do not believe that the trial court erred in determining that plaintiff's inaction prejudiced defendants by denying them an opportunity to show that plaintiff's accusations were false.

Plaintiff contends, citing *Deutsch v. Fisher*, 39 N.C. App. 304, 250 S.E.2d 304, *disc. review denied*, 296 N.C. 736, 254 S.E.2d 177 (1979), that the only prejudice recognized for purposes of Rule 41(b) is prejudice "flowing specifically to loss of otherwise available defenses to plaintiff's claims for damages." In *Deutsch*, however, this Court simply noted the fact that no defenses had been lost in concluding that there had been no prejudice given the circumstances of that case. *Id.* at 310, 250 S.E.2d at 308. Nothing in the opinion suggests an intent to establish a black letter rule that only a defendant's loss of defenses warrants a dismissal under Rule 41(b) for failure to prosecute.

Finally, we turn to the third *Wilder* factor, which requires the trial court to state "the reason, if one exists, that sanctions short of dismissal would not suffice." 146 N.C. App. at 578, 553 S.E.2d at 428. This Court has explained: "Because the drastic sanction of dismissal 'is not always the best sanction available to the trial court and is certainly not the only sanction available,' dismissal 'is to be applied only when the trial court determines that less drastic sanctions will not suffice.' " *Foy v. Hunter*, 106 N.C. App. 614, 619, 418 S.E.2d 299, 303 (1992) (quoting *Harris v. Maready*, 311 N.C. 536, 551, 319 S.E.2d 912, 922 (1984)). The trial court must, before dismissing an action with prejudice, make findings and conclusions which indicate that it has considered less drastic sanctions. *Id.* at 620, 418 S.E.2d at 303.

In *In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 251, 618 S.E.2d 819, 829 (2005), *disc. review denied*, 360 N.C. 290, 628 S.E.2d 382 (2006), the trial court's order dismissing the plaintiff's claims under Rule 41(b) for failure to comply with a discovery order recited that " '[t]he Court has carefully considered each of [the plaintiff's] acts [of misconduct], as well as their cumulative effect, and has also considered the available sanctions for such misconduct. After thorough consideration, the Court has determined that sanctions less severe than dismissal would not be adequate given the seriousness of the misconduct . . . .' " This Court, in affirming the trial court's order, held that this language "sufficiently demonstrate[d] that [the trial court] considered lesser sanctions before ordering a dismissal." *Id.*

Here, in conclusion of law number three, the court stated:

Sanctions short of this dismissal will not suffice in this case since the plaintiff has provided no information or facts as to why he or his representative did not appear when this case was called for trial to present evidence in the case and further the plaintiff has provided the Court with no information as to when it may be possible for this case to proceed, if it is not dismissed[.]

Under *Pedestrian Walkway Failure*, this conclusion of law was sufficient to show that the trial court fulfilled the requirement that the court consider lesser sanctions before ordering a dismissal with prejudice. *See also Baker v. Charlotte Motor Speedway, Inc.*, 180 N.C. App. 296, 301, 636 S.E.2d 829, 833 (2006) (holding trial court properly indicated it considered lesser sanctions where court stated that after careful consideration, court determined that sanctions less severe than dismissal would not be adequate given seriousness and repetition of misconduct), *disc. review denied*, 361 N.C. 425, 648 S.E.2d 204 (2007).

Since we have concluded that the trial court properly considered the third *Wilder* factor, the trial court's order may be reversed only for an abuse of discretion. *Foy*, 106 N.C. App. at 620, 418 S.E.2d at 303. Given plaintiff's failure to take any action to prosecute this case, his total disregard—despite proper notice—of the calendared trial, the prejudice to defendants of having the allegations pending with no ability to disprove them, and the fact that plaintiff had previously disregarded a mediation order and an official calendar, the trial court's decision to dismiss the action under Rule 41(b) for failure to prosecute was not unreasonable and, therefore, not an abuse of discretion. We, therefore, affirm the Rule 41(b) dismissal of the action.

Affirmed.

Judges JACKSON and BEASLEY concur.